**IT IS FINALLY ORDERED** that this case is set for trial on the merits on April 15, 1985.

**UNITED STATES of America, Plaintiff,**

v.

**All interests of Severo E. ESCOBAR and Evidaliny Escobar, in: Condominium Unit 1125 of Key Colony Condominium No. II, etc., Defendant.**

**No. 84–0723–CIV–HASTINGS.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 7, 1984.

Robert A. Rosenberg, Miami, Fla., for plaintiff.

S. Alan Stanley, Coral Gables, Fla., H. Hugh McConnell, Miami, Fla., for defendant.

## ORDER OF FINAL SUMMARY JUDGMENT

HASTINGS, District Judge.

This is a forfeiture action by the United States of America against all interests of Severo Escobar and Evidaliny Escobar, his wife, in a condominium unit located in Key Biscayne, Florida. Florida Federal is the owner and holder of a first mortgage encumbering the subject property dated September 1, 1983, which mortgage was recorded on September 6, 1983 in the Official Records Book 11898 at Page 1932 of the Public Records of Dade County, Florida. The Mortgage owned by Florida Federal is in default as the mortgagors have failed to make payments from November 1, 1983.

The principal unpaid balance due to Florida Federal on its mortgage as of the date of the seizure, March 22, 1984, is the sum of $131,952.23. The interest due to Florida Federal on its mortgage prior to March 22, 1984 is the sum of $6919.98. Late charges due to Florida Federal on its mortgage prior to March 22, 1984, is the sum of $251.40. The court costs expended by Florida Federal in connection with the foreclosure action instituted in the Circuit Court Case No. 84–17124 is the sum of $177.50. The United States does not contest Florida Federal's right to the principal amount of its claim, plus pre-seizure interest. The United States opposes Florida Federal's claim to post-seizure interest and attorney fees.

This court has reviewed the moving papers and the supporting memoranda of law. It is thereupon

ORDERED AND ADJUDGED that the Claimant/Intervenor's motion for summary judgment is DENIED as to post-seizure interest, costs and attorney fees. The court finds that Florida Federal is an innocent party, however, here there is no authority for the conclusion that its interest, late charges, costs and attorneys' fees sur-

vive the forfeiture action by the United States. The court finds *General Electric Credit Corporation v. The Oil Screw Triton VI,* 712 F.2d 991 (5th Cir.1983), inapposite because it involves The Ship Mortgage Act, Title 46, United States Code, Section 911 et seq. The court believes that *United States v. One Piece of Real Estate, etc.,* 571 F.Supp. 723 (W.D.Tex.1983) is apposite and persuasive on the issue before this court. Consequently, the court hereby awards the lienholder claimant no more than the unpaid balance ($131,952.23), the interest due ($6,919.98), and late charges due ($251.40) as of the date of the seizure, March 22, 1984. The United States' motion for summary judgment is GRANTED.