**UNITED STATES of America, Plaintiff,**

v.

**ONE CONDOMINIUM APARTMENT, and all its contents, Described as Unit 312, Tower 2, the Summit, According to the Declaration Thereof, Recorded in Official Records Book 10010, Page 457, of the Public Records of Broward County, a/k/a Unit 312 of the Summit, Tower 2, 1201 S. Ocean Drive, Hollywood, Florida 33019, Defendant.**

No. 85–6131–CIV–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

June 17, 1986.

Jonathan Goodman, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Todd Frankenthal, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for claimant Glendale Federal Sav. & Loan Ass'n.

### ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the motion of the claimant, Glendale Federal Savings and Loan Association for summary judgment, and the cross motion of the plaintiff, the United States of America, for summary judgment.

The United States brought forfeiture proceedings against the defendant property, a residential condominium unit, on February 12, 1985, alleging that the subject property was forfeited to the United

States, pursuant to 21 U.S.C. § 881(a)(6). The record title owner, John Cestaro, failed to file a claim in this action and a default judgment was entered against him on November 5, 1985. Glendale Federal Savings and Loan Association filed a claim and asserted an interest in the property as first mortgage holder. The Summit Towers Condominium Association also filed a claim for condominium dues owed to the Association.

The parties to this action stipulated to the sale of the property and on December 6, 1985, the court entered an order for interlocutory forfeiture. The property was sold by the General Services Administration on December 12, 1985, and the sale was confirmed by order of the court on December 26, 1985. On February 12, 1986, the court ordered the payment of the principal to Glendale Federal Savings. All remaining proceeds were tendered into the registry of the court, pending disposition of the claims for attorneys' fees, interests and costs.

The issue before the court is whether a claimant is entitled to post-seizure interest, costs, and attorneys' fees when forfeiture actions are brought by the government. The court is in agreement with the reasoning and the result of *United States v. One Piece of Real Estate, Etc.*, 571 F.Supp. 723, 725–26 (W.D.Tex.1983), and finds that title vests in the government at the moment of the commission of the illegal act. *United States v. Stowell*, 133 U.S. 1, 16–17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1889); *See also* 21 U.S.C. § 881(h) ("all right, title and interest in [forfeited] property ... shall vest in the United States upon commission of the act giving rise to forfeiture....").

However, as the court in *One Piece of Real Estate*, 571 F.Supp. at 725, noted, under administrative practice, the government has chosen to provide lienholders with interest up to the date of seizure, thus providing greater protection than is required under *Stowell*. *See* 28 C.F.R. 9.2(d). This practice is unaffected by the enactment of 21 U.S.C. § 881(a)(6). *One Piece of Real Estate, Etc.*, 571 F.Supp. at 726;

*Contra United States v. All That Tract and Parcel of Land*, 602 F.Supp. 307, 313 (N.D.Ga.1985). Innocent claimants, such as Glendale Federal, are entitled only to the amount of their principal and any accrued interest up to the moment of seizure. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the motion of the claimant, Glendale Federal Savings and Loan Association, for summary judgment, be and the same, is **DENIED**. The cross motion of the plaintiff, the United States of America, for summary judgment is **GRANTED**. Glendale Federal Savings and Loan Association shall file a verified statement of the amount of preseizure interest, which is owing, together with a proposed order of disbursement, within fifteen (15) days of the filing of this order.