**UNITED STATES of America, Plaintiff,**

**v.**

**REAL PROPERTY TITLED IN the NAME OF SHASHIN, LIMITED, A Hong Kong Corporation, Being Tax Map Key Numbers 5–1–5–28(4), and 5–1–5–29(4), and Identified as Lot 5, Area of 10.006 Acres, and Lot 6, Area of 11.946 Acres of the Kilauea Agricultural Subdivision, Together With Appurtenances and Improvements, Located in East Waiakalua, Hanalei, Kauai, Hawaii, Defendants.**

**C. BREWER PROPERTIES, INC., Third–Party Plaintiff,**

**v.**

**SHASHIN LIMITED, A Hong Kong Corporation, et al., Third–Party Defendants.**

Civ. No. 87–0055.

United States District Court, D. Hawaii.

Oct. 22, 1987.

Florence T. Nakakuni, Asst. U.S. Atty., Honolulu, Hawaii, and Richard E. Cohen, Asst. U.S. Atty., W.D. Wash., Seattle, Wash., for plaintiff.

John R. Lacy, Randall K. Steverson and Corinne S. Yee of Goodsill, Anderson, Quinn & Stifel, Honolulu, Hawaii, for third-party plaintiff.

No Attorney of Record for Shashin, Ltd.

## MEMORANDUM

CURTIS, District Judge.

In this action the government is seeking forfeiture of a parcel of real estate seized under the authority of Title 21 U.S.C. section 881(a)(6) as property purchased with the proceeds from an illegal drug transaction. Cross-complainant C. Brewer Properties, Inc. asserts that it is an innocent holder of a mortgage upon the property securing a loan to plaintiff Shashin Limited in the sum of $160,998.64. Since the seizure of the property Shashin has defaulted. As a result, Brewer seeks to foreclose the mortgage. These facts having been established by affidavit without denials or counter affidavits, Brewer moves for summary judgment on the ground that no substantial fact remains to be litigated.

## A. SUBJECT MATTER JURISDICTION

■ The government claims that this court is without subject matter jurisdiction since Brewer's claims are barred by the doctrine of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). In my view, however, the government has waived this immunity as to this foreclosure action.

The United States has seized the defendants' property pursuant to the provisions of the Comprehensive Drug Abuse Prevention and Control Act, embodied in sections 801–966 of Title 21, United States Code. The government bases its seizure on 21 U.S.C. § 881(a)(6), which states:

> (a) *Subject Property.* The following shall be subject to forfeiture to the United States and no property rights shall exist in them:
>
> .    .    .    .    .
>
> (6) All money ... or other things of value, furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, ... *except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C.A. § 881(a)(6) (emphasis supplied).

■ The term "owner" referred to in this section includes anyone with an interest (legal or equitable) in the seized property. *In re Metmor Financial, Inc.*, 819 F.2d 446, 448 n. 2 (4th Cir.1987). Therefore, if Brewer is an innocent lienholder it is entitled as an owner to enforce its lien through foreclosure.

## B. INNOCENT OWNERSHIP

■ The court has before it the uncontradicted and undenied allegations and the affidavit of Harold Philip Luscomb, the only officer or agent of Brewer's predecessor, Hawaiian Investment Co., Inc., who dealt with any of the agents of Shashin during the purchase of the property. He asserts that he had no knowledge of, nor did he consent to any illegal drug transaction. In the absence of any counter-affidavits, Luscomb's affidavit must be taken as true. *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308 (9th Cir.1977). However, the government argues that the innocent owner defense under this section is an affirmative defense to the forfeiture and as such is properly reserved for the forfeiture trial itself. *See United States v. Banco Cafetero Int'l*, 608 F.Supp. 1394, 1405 (S.D.N.Y. 1985). In *Banco*, however, the innocence of the claimant was in dispute and could not be determined without a trial. In the present case, the innocence of the claimant is an undisputed fact which was determined without the necessity of further litigation. I hold, therefore, that Brewer is an innocent owner within the provisions of section 881(a)(6).

Brewer, having been deemed to be an innocent lienholder, may shield its rights from forfeiture by pursuing an appropriate remedy under section 881(a)(6). Government's sovereign immunity is thus waived and a basis for this court's subject matter jurisdiction is provided. *See In re Metmor Financial, supra.*

The government's waiver of sovereign immunity is further indicated in Title 28 U.S.C.A. § 2409a, which states:

> (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

28 U.S.C. § 2409a(a).

Although this section purports to deal with quiet title actions, it has been given broad application. The court of appeals in the second circuit in *United States v. Bedford Associates*, 657 F.2d 1300 (2nd Cir. 1981), *cert. denied.* 456 U.S. 914, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982), held that section 2409a permitted a foreclosure action against the United States where the government was a lessee of property. In that case the court stated:

[T]he statutory language casts a wide jurisdictional net. Although the caption of § 2409a refers to "quiet title actions," the statute itself plainly permits a variety of suits besides the typical quiet title action.... [S]ection 2409a is an all-purpose jurisdictional statute, excepting only such actions as are otherwise specifically covered by other statutory provisions, and is designed to permit adjudication of a wide range of disputes involving "title," as broadly conceived by Congress, to land in which the United States has an interest. Section 2409a could not be made more specific without jeopardizing the very flexibility with which Congress sought to endow it.

*Id.* at 1316, 1317.

### C. GOVERNMENT'S UNDISTURBED POSSESSION

At this point, Brewer is entitled to a judgment against defendant Shashin, establishing the amount of the mortgage indebtedness, together with interest, and its right to enforce collection through foreclosure. It is also entitled to judgment against the government establishing its right as an innocent owner of the mortgage. However, the government, by reason of its seizure, has certain rights in the property which it may invoke pursuant to section 2409a(b), which provides:

(b) The United States shall not be disturbed in possession or control of any real property involved in any action under this section pending a final judgment or decree, the conclusion of any appeal therefrom, and sixty days; and if the final determination shall be adverse to the United States, the United States nevertheless may retain such possession or control of the real property or of any part thereof as it may elect, upon payment to the person determined to be entitled thereto of an amount which upon such election the district court in the same action shall determine to be just compensation for such possession or control.

28 U.S.C.A. § 2409a(b).

■ This action for foreclosure is an appropriate remedy for Brewer subject to the limitations imposed by section 2409a(b), and since this provision applies specifically to cases involving the governmental interest in real property, it supersedes the general provisions of Fed.R.Civ.P. 62(d). In urging its right to proceed with foreclosure without further delay, Brewer suggests that Fed.R.Civ.P. 62(d) precludes any authority of this court to stay Brewer's foreclosure proceedings and relies on *U.S. v. One 1962 Ford Galaxie Sedan,* 41 F.R.D. 156 (S.D.N.Y.1966). However, *Galaxie Sedan* involves a forfeiture of personal property, whereas section 2409a(b) applies specifically to situations in which the government claims interest in real property. Section 2409a also expressly provides that the government's possession shall, for a period of time, remain undisturbed. Brewer's reference to Rule 62(d) is thus irrelevant.

■ The government is therefore free to proceed with the forfeiture and if successful, which presumably it will be since there appears to be no opposition, it will have the alternative of releasing the property to C. Brewer for foreclosure or retaining the property and paying the claimant its due.

### D. COMPENSATION FOR POSSESSION AND CONTROL

■ If the government decides to retain the property, this court will then be called upon to determine the amount which the government will have to pay claimant for "possession and control" of the property. Brewer contends that in that event it is entitled to receive principal and interest until the time when the loan is paid in full, whereas the government contends that Brewer is not entitled to receive any interest accruing after the seizure.

The subject of post-seizure interest has been a subject of much disagreement among district courts. The leading case holding that an innocent lienholder is not entitled to post-seizure interest is *United States v. One Piece of Real Estate, etc.,* 571 F.Supp. 723 (W.D.Tex.1983). It was held there that an innocent lienholder, though entitled to receive principal and in-

terest accruing up to the time of the seizure in the event that the government elected to retain the property, was not entitled to receive interest or other charges accruing after the seizure. The court reasoned that:

> "[W]hen property is subject to forfeiture for violation of the law, title vests absolutely in the sovereign at the date of the illegal act. Seizure and a subsequent judicial decree of forfeiture merely confirm the forfeiture that has already taken place. *See also United States v. One 1967 Chris–Craft 27 Foot Fiber Glass Boat*, 423 F.2d 1293 (5th Cir.1970); *Florida Dealers and Growers Bank v. United States*, 279 F.2d 673 (5th Cir.1960); *Wingo v. United States*, 266 F.2d 421 (5th Cir.1959). Because forfeiture actually occurs at the moment of illegal use, no third party can acquire a legally recognizable interest in the property after the activity that subjects it to the forfeiture.

571 F.Supp. at 725.

However, when Congress enacted section 881 and provided that "no property shall be forfeited under this paragraph, to the extent of the interest of an owner, ..." it would seem to have intended to give a claimant full protection of his interest. Under the typical loan agreement which constitutes the basis for a lien, the claimant is entitled to receive interest until the loan is paid, together with any other charges or costs provided for in the loan agreement. To interpret section 881 to compel the claimant to take any less flies in the face of the statute. It may be true that the forfeiture actually occurs at the moment of the illegal use and that no third party could thereafter acquire a legally recognizable interest in the property, but Brewer had already acquired a legally recognizable interest in the property, represented by the lien, which secured all the rights and obligations provided in the agreement. Although interest and other charges may have accrued after the forfeiture, the obligation to pay these charges arises from the loan agreement, the entire provisions of which were secured by the lien which attached to the property before the seizure.

I disagree with the reasoning in *One Piece of Real Estate* in another particular. The court referred to the administrative practice followed prior to the enactment of subsection (a)(6), and still followed with regard to forfeitures under other sections, wherein the Justice Department has consistently taken the position that a lienholder's interest is cut off as of the date of seizure. The court reasoned that in amending section 881(a)(6) to provide for statutory exemption from forfeiture, Congress' failure to advert to the administrative practice or provide some specific guideline supporting a difference in interpretation when enacting section 881(a)(6) is persuasive evidence that Congress intended that innocent owners and lienholders would receive the same financial protection under the statute that they had received for years in the administrative process. However, in my view, by adding subsection (a)(6), Congress specifically provided for a procedure differing from the administrative process previously followed by requiring the government, in the event it wishes to retain the property, to pay to the claimant just compensation for such possession as determined by the court based upon applicable damage standards. In this case such compensation should consist of principal in full, interest, including that acquired post-seizure, and other charges and costs provided for in the loan agreement.

We are mindful of the fact that not all district courts have agreed with this interpretation of section 881(a)(6). *One Piece of Real Estate, supra*, has been followed in *United States v. A Parcel of Real Property*, 650 F.Supp. 1534, 1544 (E.D.La.1987); *United States v. 8.4 Acres of Land*, 648 F.Supp. 79 (D.S.C.1986); *United States v. Escobar*, 600 F.Supp. 88 (S.D.Fla.1984). *See also United States v. One Condominium Apartment*, 636 F.Supp. 457 (S.D.Fla. 1986).

On the other hand, at least two district court cases and one circuit court case support the granting of post-seizure interest, and expressly reject the reasoning set forth in *One Piece of Real Estate, supra*. In *United States v. All That Tract & Parcel of Land*, 602 F.Supp. 307, 313 (N.D.Ga.

1985), an innocent lienholder was awarded unpaid principal due at the time of the seizure and 8.5% per annum, as provided in the note, until the principal was paid. The court reasoned that to give the lienholder only the "net equity," meaning only the principal and interest up to the point of remission, would not "adequately protect this innocent lienholder as mandated by section 881(a)(6)." *Id.* at 314. The court expressly declined to adopt the reasoning of the Texas court in *One Piece, supra,* and distinguished the lienholder's "loan interest" from the government's "equitable interest." *Id.* at 313 n. 11.

The court in *United States v. $319,820.00 in U.S. Currency,* 634 F.Supp. 700 (N.D. Ga.1986), also criticized the reasoning in *One Piece.* In that case the court rejected the notion that the "relations back" doctrine, enunciated in *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), applied to § 881(a)(6) forfeitures because the forfeiture provision is "permissive" rather than "mandatory." *Id.* at 703 n. 4. That is, since the property is *"subject to forfeiture,"* and not automatically forfeited, title does not automatically relate back to the date of the forfeiture and vest with the government.

Finally, in a case of first impression, the fourth circuit rejected the reasoning of *One Piece, supra,* and held that the innocent lienors were entitled to receive continuing interest on the unpaid principal. *In re Metmor Financial, Inc.,* 819 F.2d 446 (4th Cir.1987) In the court's view, *One Piece* misconstrued the early Supreme Court holding in *Stowell, supra,* which held that title to the property vests with the government at the time of the forfeiture. Under *Stowell,* "the government can succeed to no greater interest in the property than that which belonged to the wrongdoer whose actions have justified the seizure." *Id.* at 448–9. However, at the time of seizure, the wrongdoer's interest in the property was already encumbered by the lienor's secured note, with interest accruing. *Id.* at 449. To find otherwise would allow the government to use the mortgaged property without paying the interest due on the mortgage, all at the expense of the innocent mortgagee.

### E. CONCLUSION

Turning now to the matters at hand, the court has before it a request on the part of the claimant that the property be immediately transferred to the commissioner for foreclosure proceedings. This request must be denied as premature, as it must wait until the government has made an election under the provisions of section 2409a(b). The government has moved for a stay in an effort to prevent the court's transfer of the possession of the property to the commissioner for foreclosure. However, since the property which is now in the hands of the government under seizure may remain so pursuant to section 2409a, the motion for a stay is irrelevant and is therefore denied.

Once the government makes its election under section 2409a, Brewer may pursue compensation under section 881(a)(6) to recover principal in full, interest, including that acquired post-seizure, and other charges and costs provided for in the loan agreement.

In the meantime, the government may proceed with the forfeiture proceeding and Brewer must await further proceedings in this matter.

For the foregoing reasons, IT IS THEREFORE ORDERED that the claimant Brewer is entitled to summary judgment holding it to be an innocent lienholder, and therefore "owner" within the meaning of section 881(a)(6). Brewer is further entitled to judgment against the plaintiff for the amount of principal and interest due to date, and for future interest accruing until the note is paid, together with such other charges and costs as may be provided for in the loan agreement. Brewer is also entitled to a judgment of foreclosure which it may execute upon only when and if the government chooses to release the property as provided in section 2409a.