920 F.2d 798
 UNITED STATES of America, Plaintiff-Appellee,
v.
SIX PARCELS OF REAL PROPERTY SITUATED IN BLOUNT COUNTY,
TENNESSEE, with all Buildings, Improvements and
Appurtenances Thereto more Particularly
Described Hereinafter, Defendants,
First Tennessee Bank National Association
Defendant-Intervenor, Appellant.
 No. 89-7889.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 7, 1991.
 
 Alex L. Holtsford, Jr., Nix & Holtsford, Montgomery, Ala., Courtney N. Pearre, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, Tenn., for defendant-intervenor, appellant.
 John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Martha S.L. Black, Kizer and Black, Maryville, Tenn., for Six Parcels of Real Property.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before ANDERSON and EDMONDSON, Circuit Judges and MORGAN, Senior Circuit Judge.
 MORGAN, Senior Circuit Judge:
 
 INTRODUCTION
 
 1
 This civil forfeiture action was brought against the defendant property on August 29, 1988, pursuant to Sec. 511(a)(6) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. Sec. 881(a)(6). Intervenor-Appellant First Tennessee Bank National Association (hereinafter "the Bank") moved to intervene based upon its interest in three parcels of the defendant property.
 
 
 2
 The Bank sought to recover amounts owing on promissory notes secured by a deed of trust on the three parcels. The district court found the Bank to be an "innocent owner" under Sec. 881(a)(6). The court held that the Bank should recover the unpaid principal balance on the notes, plus interest. The notes on which the Bank recovers, however, provide additionally for payment of attorneys' fees and other costs. The district court held that the Bank could not recover attorneys' fees and costs, despite this provision in the notes. This part of the judgment below we reverse.
 
 DISCUSSION
 
 3
 The Bank's status as an innocent lienholder is not disputed by the government. The only issue before this Court is whether the "interest" of an innocent lienholder in real property that is protected by Sec. 881(a)(6) extends to attorneys' fees and costs of collection for which the loan documents provide.
 
 
 4
 The government argues it does not. It advances several theories to this Court to suggest how we should define the lienholder's interest. The government states correctly that the forfeiture statute does not provide attorneys' fees for innocent owners. It notes that Congress was more concerned about seeing that the government satisfied its costs of forfeiture from the proceeds of forfeited property than about providing for the innocent owner's cost of defense. The government argues that the lienholder's interest should be determined by reference to an administrative remission and mitigation practice followed prior to amendments which added Sec. 811(a)(6) and provided for the innocent owner exception here at issue.
 
 
 5
 It is true that this issue has not been decided before by this Court. The district courts, lacking guidance in construing Sec. 881(a)(6), have resolved this issue in varying ways. Compare United States v. Real Property Titled in Name of Shasin, Ltd., 680 F.Supp. 332, 337 (D.Haw.1987) (holding lienholder's protected interest defined by its loan documents) and United States v. All that Tract & Parcel of Land, 602 F.Supp. 307, 313-14 (N.D.Ga.1985) (same) with United States v. Certain Real Property Known as Gulfstream West, 710 F.Supp. 792, 794-96 (S.D.Fla.1989) (following administrative practice and permitting recovery of only principal balance and pre-seizure interest) and United States v. One Piece of Real Estate, 571 F.Supp. 723, 725-26 (W.D.Tex.1983) (same).
 
 
 6
 We find relevant only one court of appeals case, In re Metmor Financial, Inc., 819 F.2d 446 (4th Cir.1987). In Metmor, on facts similar to those of the instant case, the loan documents provided lien status for interest payments required until the principal balance was fully paid. The Fourth Circuit held that to deny post-seizure interest would be a deprivation of the innocent lienholder's rights in forfeited property. Id. at 449-51.
 
 
 7
 We believe the Fourth Circuit was correct in reaching this conclusion. The legislative history of the 1978 amendments, thoroughly reviewed in Metmor, id., strongly supports this result. Cf. United States v. One Single Family Residence, 894 F.2d 1511 (11th Cir.1990). Relying on Metmor and legislative history, this Court held that full protection of an innocent owner's interest was mandated by Congress and thus the property at issue was completely nonforfeitable because it had been held by the innocent owner spouse as a tenant by the entirety. Id. at 1513-20.
 
 
 8
 Therefore, in this case as well, we believe the bank is entitled to full protection of its interest. Thus, we hold that to deny the Bank its costs and attorneys' fees, though provided in its loan documents, would be a deprivation of its rights in the forfeited property. We believe such deprivation is not permitted by Sec. 881(a)(6) and was not intended to be allowed by Congress.
 
 CONCLUSION
 
 9
 To the extent that the court below held that the Bank could not recover its costs and attorneys' fees, we REVERSE and REMAND for further proceedings.