949 F.2d 374
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 2471 VENUS DRIVE, LOS ANGELES,
CALIFORNIA, Defendant.
Patricia Williams, Claimant,
Great Western Financial Services, a division of Great
Western Bank, Claimant-Appellant,
and
Martha W. Gardner, Petitioner-Appellant.
 No. 90-6212.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 19, 1991.
 
 Joseph K. Heselton, Jr. of Phillips, McFall, McCaffrey, McVay, Sheets & Lovelace, P.C. (Robert N. Sheets of Phillips, McFall, McCaffrey, McVay, Sheets & Lovelace, P.C., and E. Elaine Schuster, assisting with the briefs), Oklahoma City, Okl., for claimant-appellant.
 William Lee Borden, Jr., (Timothy D. Leonard, U.S. Atty., assisting with the brief), Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.
 Before ANDERSON, BALDOCK and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 The issue we decide is whether an innocent lienholder has the right to recover attorney's fees expended protecting its lien in a forfeiture action prosecuted by the United States against the property owner under 21 U.S.C. § 881(a)(7). According to that statutory provision, real property used to facilitate the commission of a drug offense is subject to forfeiture. We hold that where a pre-existing deed of trust gives a lienholder the right to recover attorney's fees, the innocent lienholder is entitled to recover such fees even though the attorney's fees are incurred after the acts giving rise to the forfeiture and after the government seizure of the property.
 
 FACTS
 
 2
 In September of 1988, the United States, appellee, filed a forfeiture action against real property owned by Patricia Williams located at 2741 Venus Drive, Los Angeles, California. The United States alleged that Williams used the property to facilitate the commission of drug offenses and that the property was subject to forfeiture under 21 U.S.C. § 881(a)(7). On March 7, 1989, Great Western Financial Services ("Great Western") filed a lienholder claim against the property. On August 1, 1989, Martha W. Gardner likewise filed a lienholder claim against the property. On January 19, 1990, the United States District Court for the Western District of Oklahoma entered a forfeiture judgment against the property. The judgment recognized the validity of the two liens and instructed the United States to dispose of the property subject to the liens.
 
 
 3
 Great Western and Gardner, the appellants, asserted that their liens entitled them to recover (1) post-seizure interest and costs, and (2) post-seizure attorney's fees incurred to protect their lien interests during the government's foreclosure action. Pursuant to agreement between the parties, the court ordered that the appellants were entitled to post-seizure interest and costs. However, the court rejected the appellants' claim that they were entitled to recover post-seizure attorney's fees expended in protecting their lien interests. Great Western and Gardner have appealed the district court's decision to deny them their attorney's fees.DISCUSSION
 
 
 4
 Williams' property was forfeited pursuant to 21 U.S.C. § 881(a)(7), which provides that the real property used to "facilitate the commission of ... a violation of [the Food and Drug] Title punishable by more than one year's imprisonment" shall be forfeited to the United States. Section 881(a)(7), however, protects innocent lienholders from losing their property interests: "no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." The appellants contend (and the United States does not dispute) that the appellants were unaware that Williams was using the property to facilitate the commission of drug offenses, and that therefore their interests in the property were not forfeited. The issue in this case is whether the right provided in the pre-existing Deed of Trust to recover attorney's fees constitutes an interest in the property. We hold that it does.
 
 
 5
 The Deed of Trust executed by Williams in favor of Great Western provided that the property "secure[s] payment of all loans made to me [Williams], [as well as] the performance of my other obligations under an Adjustable Rate Open End Credit Agreement ... between you and me...." Appellants' Br. in Chief, attach. 4. The Adjustable Rate Open End Credit Agreement provides that "[i]f this agreement is referred to an attorney, not our salaried employee, for collection or to enforce our rights hereunder, you agree to pay court costs and to pay reasonable attorneys' fees which shall in no event exceed 15% of the unpaid balance." Id., attach. 3.
 
 
 6
 The Deed of Trust executed in favor of Gardner provides that
 
 
 7
 [t]o protect the security of this Deed of Trust, Trustor [Williams] agrees ... [t]o appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, or in any action or proceeding instituted by Beneficiary or Trustee to protect or enforce the security of this Deed of Trust or the obligations secured hereby.
 
 
 8
 Id., attach. 8.
 
 
 9
 In both cases, the appellants' right to recover attorney's fees is secured by the property. Therefore, their right to recover such fees is an interest in the property. See United States v. Federal Nat'l Mortgage Ass'n, 946 F.2d 264 (4th Cir.1991); United States v. Six Parcels of Real Property Situated in Blount County, Tennessee, 920 F.2d 798, 799 (11th Cir.1991).
 
 
 10
 Our conclusion is supported by United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890). In Stowell the United States instituted forfeiture proceedings against individuals who were distilling spirits without paying taxes on the spirits distilled. A mortgage had been taken on the land before the offense was committed. The Court noted that "the mortgage is valid as against the United States, and that, so far as concerns the real estate, the judgment of condemnation must be against the equity of redemption only." Id. at 20, 10 S.Ct. at 248.
 
 
 11
 The United States argues that Stowell stands for the proposition that because the attorney's fees were expended after the illegal acts that led to the forfeiture, they cannot be recovered by the appellants. In support of this argument, they cite the following language:
 
 
 12
 By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.
 
 
 13
 Id. at 16-17, 10 S.Ct. at 247 (emphasis added). The United States argues that even if the right to recover attorney's fees can be considered an interest in the property, the attorney's fees here were actually expended after the acts giving rise to the forfeiture and therefore cannot be recovered. We disagree. We do not quarrel with using the date of the commission of the wrongful acts as the effective date of the forfeiture, nor do we quarrel with the conclusion that new rights could not be created in third parties after the forfeitable acts which would be superior to the government's forfeiture rights. However, these appellants' rights to reimbursement of attorney's fees were created at the time the Deeds of Trust were formed. These rights predated the commission of the bad acts that gave rise to the forfeiture. The right to recover attorney's fees thus encumbered the property before the commission of the forfeitable acts. To compel innocent lienholders to forfeit their pre-existing contractual rights in the property "flies in the face of the statute." United States v. Real Property Titled in the Name of Shashin Limited, 680 F.Supp. 332, 336 (D.Hawaii, 1987). Thus, Williams' equity of redemption was subject to appellants' right to recover attorney's fees as of the date of the acts of forfeiture even though the actual expenditure of attorney's fees would not occur until later when forfeiture proceedings commenced.[1]
 
 
 14
 Our conclusion is in accord with the only circuit court cases to have considered this issue. In re Metmor Financial, Inc., 819 F.2d 446 (4th Cir.1987), ordered the United States to pay post-seizure interest to an innocent lienholder in a forfeiture proceeding. In addition, that court stated in dicta that, had the mortgage agreement provided for attorney's fees, those fees would also have been included in the lienholder's property interest. Id. at 448 n. 3. The court concluded that "the government can succeed to no greater interest in the property than that which belonged to the wrongdoer whose actions have justified the seizure." Id. at 448-49. The Fourth Circuit recently relied on its dicta in Metmor and held that contractually required attorney's fees are recoverable by lienholders as part of their property interest. Federal Nat'l Mortgage Ass'n, 946 F.2d 264. The Eleventh Circuit followed Metmor in Six Parcels of Real Property, 920 F.2d at 798, holding that an innocent lienholder can recover attorney's fees and costs authorized in its deed of trust before the government can claim its forfeiture interest. We respectfully disagree with, and decline to follow, several district court cases that have reached the opposite result: United States v. One Piece of Real Estate, 571 F.Supp. 723 (W.D.Texas 1983); United States v. Parcel of Real Property Known as 708-710 West 9th Street, 715 F.Supp. 1323, 1326 (W.D.Pa.1989).
 
 
 15
 The district court erred in holding that section 881(a)(7) does not protect the appellants' attorney's fee interests.[2] Therefore, we REVERSE the district court and REMAND for further proceedings consistent with this opinion.
 
 
 
 [1]
 For example, the market value of Great Western's and Garner's lienholder interests were undoubtedly greater with the attorney's fees provisions than they would have been without these provisions. In other words, the existence of the attorney's fee interest had value all along even though the right might not be enforced until later
 
 
 [2]
 The United States argues that it never disputed the appellants' lienholder interests in the property, and that, therefore, any expenditure of attorney's fees to protect appellants' interests was unreasonable. The government also argues that one or both appellants were not given any rights in their Deeds of Trust to recover attorney's fees under the facts of this case. Because the district court held that no attorney's fees were recoverable as a property interest, it did not address these arguments. We hold only that § 881(a)(7) allows the recovery of post-seizure attorney's fees provided the right to recover such fees is found in a mortgage or deed of trust that preceded the wrong act giving rise to the forfeiture. On remand, the district court should consider what rights, if any, the deeds of trust gave to these appellants to recover attorney's fees. The court should also consider what portion, if any, of the attorney's fees expended by the appellants' were reasonable and otherwise meet thelimitations set forth in those deeds of trust