**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY KNOWN AS AND LOCATED AT 1461 WEST 42ND STREET, MIAMI, FLORIDA, et. al., Defendants.**

No. 91–1077–CIV.

United States District Court, S.D. Florida.

Feb. 20, 1998.

Scott Ray, U.S. Attorney's Office, Miami, FL, for Plaintiff.

Joel Kaplan, Leonard Mark Dachs, Jonathan Goodman, Steven E.M. Hartz, Akerman Senterfitt & Eidson, Paul D. Friedman, Friedman, Rodriguez & Ferraro, P.A., Charles Auslander, Greenberg Traurig, et al., Miami, FL, for Defendants.

## MEMORANDUM ORDER

BROWN, United States Magistrate Judge.

**This cause** is before this Court pursuant to an Order entered on October 10, 1997 by this Court instructing the parties to address the issue of claimants' entitlement to damages. This Court having reviewed the memoranda, the responses and the replies in this matter, **FINDS AS FOLLOWS:**

### FACTS

This case is a civil forfeiture case arising out of 21 U.S.C. § 881. Several properties were sued as defendants in this case (in rem) as a result of the alleged criminal enterprise of Augusto Falcon and Salvador Magluta.

In May 1991, the government seized the properties and allegedly refused to pay the mortgage payments on them to the secured lender. The loans on the commercial properties were declared in default on June 21, 1991 by reason of non-payment. In September 1991, these loans were accelerated by the secured lender, due to non-payment, and litigation was commenced against the owners of the properties for foreclosure and for money damages. In early 1992, the government paid some of the money it was receiving from the rents on these commercial properties to the lender. Despite the payment, a "Final Judgment" was obtained against the owners by the secured lender. In October 1993, the government allowed the secured lender to sell the owners' interests in these properties.

In addition to the commercial properties, the government also seized the residence of Arsenio and Marta Falcon. No payments were made by the government or the Falcons for two and a half years. Consequently, the mortgages on this property went into default. In June 1997, the property was sold and the first mortgage on it was paid in full. Claimant Ready State Bank, the holder of the second mortgage, received less than twenty-five percent (25%) of what it was owed.

This civil forfeiture action was eventually dismissed by the government when this

Court ruled that, in the absence of a dismissal, the claimants were entitled to a *Good* hearing (*see infra* ). The properties involved in this case were also subject to restriction by the Court in the pending criminal case. That case eventually resulted in acquittal for the defendants, Falcon and Magluta.

## DISCUSSION

### I. Claimant Owners

The issue before this Court is the type of damages claimants are entitled to as a result of the illegal seizure of their property by the government. In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court declared for the first time that the Due Process Clause of the Fifth Amendment requires the government to provide the owner of real property notice and a meaningful opportunity to be heard before it seizes the property unless it can make a showing of exigent circumstances. *Good* has been held to apply retroactively. *United States v. All Assets and Equipment of West Side Bldg.*, 58 F.3d 1181, 1191 (7th Cir.1995). There is a split of authority on the issue of the remedy available for a seizure of property without a hearing, and it raises a substantial question of first impression in this circuit.

The Eleventh Circuit, in *United States v. 2751 Peyton Woods Trail*, 66 F.3d 1164, 1167 (11th Cir.1995), held that "the lack of notice and a hearing prior to issuance of the warrants seizing the properties rendered the warrants 'invalid and unconstitutional,' and that because the resulting seizure violated (claimant's) due process rights, the forfeiture action must be dismissed." However, in a footnote to this holding, the Eleventh Circuit further stated, "(w)e do not mean to suggest that the additional remedies—i.e., suppressing evidence obtained as a result of the unlawful seizure and requiring the government to compensate the claimant for profits he was deprived of during the unlawful seizure—are unavailable where appropriate." *Id.* (citing *U.S. v. One Parcel of Real Property, Located at 9638 Chicago Heights*, 27 F.3d 327, 330 (8th Cir.1994)) .[1]

The Seventh, Ninth and Tenth Circuits have held that the government must remit any rents or profits accrued during the illegal seizure of the property. *United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road*, 59 F.3d 974, 980–81 (9th Cir.1995); *All Assets and Equipment of West Side Bldg.*, 58 F.3d at 1193; *United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1316 (10th Cir. 1994); *see also, United States v. One 1989, 23 Foot, Wellcraft Motor Vessel, Puerto Rico Registration Number PR 2855GG*, 910 F.Supp. 46, 52 (D.P.R.1995), *aff'd*, 125 F.3d 842, 1997 WL 603452 (1st Cir.1997). Although the findings of these Circuits are persuasive and not binding on this Court, this Court finds merit in their reasoning and chooses to adopt them in order to fashion a proper remedy to compensate claimants for the violation of their rights during the period of the unlawful seizure of their properties.

Basing its reasoning on an analysis of *Good*, the Ninth Circuit in *Real Property Located at El Dorado*, 59 F.3d at 981, added that the return of rents may not be the sole relief that is available to a claimant. It held that "the district court should make a determination of the appropriate monetary or other relief, if any, for loss of use and enjoyment to which (a claimant) is entitled for the illegal seizure of his property." *Id.* The period during which property has been found to be illegally seized begins at the date of the illegal seizure and ends when seizure of the property would have become constitutional. *Id.* (citing *United States v. James Daniel Good Property Titled in the Name of James Daniel Good*, 971 F.2d 1376, 1384 (9th Cir. 1992)); *see also, All Assets and Equipment of West Side Building Corp.*, 58 F.3d at 1193 ("It is the responsibility of the courts to construct a remedy for a constitutional violation that is tailored to the injury caused by the violation".)

■ The government argues that claimants cannot recover damages against the United States because it has not waived its

---

1. The Eighth Circuit also requires a dismissal of the forfeiture action with leave to file a new action if the statute of limitations has not run when a *Good* violation has occurred. *United States v. One Parcel of Real Property, Located at 9638 Chicago Heights, St. Louis, Mo.*, 27 F.3d 327, 330 (8th Cir.1994).

sovereign immunity. The District Court for the Northern District of Illinois was faced with this same issue on remand in *United States v. All Assets and Equipment of West Side Bldg.,* No. 89C2736, 1996 WL 6558 (N.D.Ill. Jan.5, 1996), *cert. denied,* 516 U.S. 1042, 116 S.Ct. 698, 133 L.Ed.2d 656 (1996). There, the Court stated that "it is clear that claimants can recover damages from the United States or else the Seventh Circuit would have had no reason for remanding this case, and the extension of Due Process which was articulated in *Good* would have no real impact." *Id.*

Based on the foregoing authority, this Court finds that the government is responsible for the rents or profits which claimants were deprived of during the period of illegal seizure.

■ The additional damages for the loss of use and enjoyment of their property during that period presents yet another issue. Under the facts of this case, the government not only illegally seized the properties, it then failed in its obligation to make "due provision for the rights of any innocent parties" (*see* 21 U.S.C. § 853(h), applicable herein by virtue of 21 U.S.C. § 881(d)). Awarding rents and/or profits will do little to compensate claimants. They have completely lost their properties as a result of the actions of the government. Pursuant to *Real Property Located at El Dorado, supra,* and *All Assets and Equipment of West Side Building Corp., supra,* this Court may consider an award of additional damages to these claimants. The government's actions herein amounted to an unconstitutional taking of the claimants' property without due process. The exact amount of damages shall be determined at a evidentiary hearing.

## II. *Claimant Ready State Bank*

■ Claimant Ready State Bank (hereinafter "Ready State"), also attempts to recover damages as lienholder on one of the properties illegally seized by the government, pursuant to a second mortgage that the Falcons took out on their home on February 26, 1988. Ready State is seeking to recover the remaining principal equity, default interest and late fees.

In *In re Metmor Financial, Inc.* 819 F.2d 446 (4th Cir.1987), a mortgagee sought to recover post seizure interest on property that was seized by the government. The Court, citing the United States Supreme Court's decision in *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890) stated that "the government can succeed to no greater interest in the property than that which belonged to the wrongdoer whose actions justified the seizure." *Id.* 819 F.2d at 448–49 (citing *Stowell,* 133 U.S. at 16–17). Therefore, the forfeiture cannot change the nature of an innocent lienholder's interest. *Id.* 819 F.2d at 449. The Court went on to add that "transfer to the government altered, not the lien itself, but its enforceability. Where the enforceability has been significantly impaired, there has been a Fifth Amendment taking." *Id.* at 450.

The Eleventh Circuit has adopted this reasoning in *United States v. Six Parcels of Real Property Situated in Blount County, Tennessee,* 920 F.2d 798 (11th Cir.1991), *reh'g denied,* 932 F.2d 979 (11th Cir.1991), wherein the Court awarded an innocent lienholder attorneys' fees and costs, in addition to unpaid principal and interest, because they were provided for in the loan documents. The Court held that denying the lienholder these damages "would be a deprivation of its rights in the forfeited property. We believe that such deprivation is not permitted by § 881(a)(6) and was not intended to be allowed by Congress." *Id.* 920 F.2d at 799.

In accordance with the law stated above, this Court finds that Claimant Ready State, as an innocent lienholder, is entitled to recover lost principal, default interest and late fees. The exact amount of damages will be determined at a evidentiary hearing.

This Court being otherwise fully advised, it is **ORDERED AND ADJUDGED** that the government is responsible for the lost rents and profits that claimants were deprived of during the period of illegal seizure of their properties, and for damages for the loss of use and enjoyment of the same. Additionally, the government is responsible for the unpaid principal, default interest and late fees to claimant Ready State Bank.

Within ten (10) days of the date of this order, the parties shall file a notice to the Court estimating the amount of time necessary for an evidentiary hearing. Thereafter, one will be scheduled.