UNITED STATES of America, Plaintiff,

v.

ONE 1989 HARLEY DAVIDSON MOTORCYCLE VIN 1HD1EGL15KY1103-85 and $9,025.00 in United States Savings Bonds, Series EE, Defendants.

UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE LOCATED AT 7109 106TH AVENUE, TAYLOR RIDGE, ILLINOIS, Defendant.

UNITED STATES of America, Plaintiff,

v.

$5,800.00 IN UNITED STATES CURRENCY, Defendant.

Nos. 89–4037, 89–4104 and 89–4071.

United States District Court,
C.D. Illinois.

Aug. 27, 1990.

Estaban F. Sanchez, Asst. U.S. Atty., Springfield, Ill., for plaintiff.

Richard H. Parsons, Peoria, Ill., for property.

Stephen Andich, Rock Island, Ill., for Rock Island Bank.

## ORDER

MIHM, District Judge.

This is a forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and (a)(7). The Rock Island Bank's security interest in the Defendant real estate property arose as a result of a note and mortgage. At a hearing before this Court on June 21, 1990, the Defendant property was forfeited to the government, subject to the interest of the innocent owner Rock Island Bank. The Court, however, reserved ruling on whether the Bank's claim that its attorney's fees were part of the Bank's interest to be paid by the government. The Court ordered briefs on that issue which are now on file. For the reasons stated below, the Bank's claim for attorney's fees is denied.

Section 881 affords protection to innocent owners by providing in pertinent part:

> No property shall be forfeited under this paragraph, to the *extent of the interest of an owner*, by reason of an act or omission established by that owner to have been committed or omitted without knowledge or consent of the owner. (Emphasis added).

■ There has been no dispute in this case that the Bank is an innocent owner. The only dispute concerns whether the extent of the Bank's interest includes the attorney's fees incurred in protecting the Bank's interest.

The Bank's mortgage agreement provides in pertinent part:

> If ... there is a legal proceeding that may significantly affect Lender's rights in the property, ... then Lender may do and pay for whatever is necessary to protect the value of the property.... Any amounts disbursed by Lender under this paragraph 7 shall become *additional debt* to Borrower secured by this Security Instrument. (Emphasis added).

Several district courts have ruled that attorney's fees incurred by an innocent lienholder are not part of that lienholder's interest which is protected by statute. *United States v. One Piece of Real Estate Described in Part as: 1314 Whiterock*, 571 F.Supp. 723 (W.D.Tex.1983); *United States v. Escobar*, 600 F.Supp. 88 (S.C.Fla.1984); *United States v. A Fee Simple Parcel of Real Estate Situated in Bal Harbour*, 650 F.Supp. 1534 (E.D.La.1987); *United States v. Certain Real Property Known as Gulfstream West*, 710 F.Supp. 792 (S.D.Fla.1989); *United States v. Parcel of Real Property Known as 708–710 West 9th Street*, 715 F.Supp. 1323 (W.D.Pa.1989). Two cases have allowed attorney's fees to be included in the amount of the innocent owner's property interest: *United States v. Real Property in the Name of Shashin*, 680 F.Supp. 332 (D.C.Haw.1987); and *United States v. Real Property Constituting Approximately 50 Acres*, 703 F.Supp. 1306 (E.D.Tenn.1989).

The Bank also relies on *In re Metmor Financial, Inc.*, 819 F.2d 446 (4th Cir.1987) and its progeny which stand for the proposition that interest properly accruing to the innocent owner should be part of its inter-

est in the property. The Bank argues that, like accrued interest, attorney's fees are a part of its interest in the property.

The Bank looks to paragraph 7 in its mortgage agreement and argues that the forfeiture cannot change the nature of the innocent owner's claim and that the government can succeed to no greater interest in the property than that which belonged to the wrongdoer whose action justified the forfeiture in the first place. Since paragraph 7 provides that attorney's fees incurred in protecting the value of the property become "additional debt," much like interest, the innocent owner's claim must include those fees.

The reasoning used by the courts who have denied recovery of attorney's fees varies from one case to the next. In *Whiterock*, 571 F.Supp. 723, the court looked at the history of protection afforded to innocent owners in forfeiture cases and concluded that prior to enactment of protection for innocent owners, such a lienholder's only remedy under the administrative procedure was to file a petition for remission or mitigation with the Attorney General. Under this administrative procedure an innocent lienholder is not entitled to attorney's fees or costs which were incurred post-seizure. *Id.* at 724, 725; 28 C.F.R. 9.2(d). The court reasoned that Congress intended to give lienholders the same protection under the statute that they had previously received under the administrative process.

In addition, the *Whiterock* court reasoned that since title vests in the government at the date of the alleged act, *United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), no third party can acquire a previously non-existent interest *after* the illegal act. The fact that the government has chosen to allow innocent lienholders charges incurred between the illegal act and the seizure does not mean that the lienholder's interest can continue to grow, at the government's expense, until the judicial proceedings are completed. *Id.* at 725.

The *Bal Harbour* court adopted without comment the *Whiterock* analysis, denying all post-seizure expenses or charges under a mortgage. 650 F.Supp. at 1541.

In *Escobar*, the court examined the case of *General Electric Credit Corporation v. The Oil Screw Triton VI*, 712 F.2d 991 (5th Cir.1983), which included the issue of whether attorney's fees are recoverable under the Ship Mortgage Act, 46 U.S.C. § 911. The Rock Island Bank relies on that same case in its argument before the Court. The *General Electric* case indicates that the issue of attorney's fees is only relevant under the Ship Mortgage Act as it applies to the payment of priorities under § 953 of the Mortgage Act. The *Escobar* court found that that case did not apply to forfeitures under § 881, relying instead on the reasoning of the *One Piece of Real Estate* case.

In *Gulfstream West*, the court traced the evolution of forfeiture law in historical treatment and remedies of innocent lienholders. The court concluded that an innocent owner's interest is only the amount allowed by the government under the administrative practice of remission. 710 F.Supp. at 796. The court relied on 28 C.F.R. § 9.1(h) which expressly disallows recovery of attorney's fees, late charges, court costs and penalty rates of interest. *Id.*

In *West 9th Street*, the court held that the interest of an innocent lienholder is that which existed at the time of the seizure by the government. Thus, when the property is encumbered by a lien which encompasses a right to receive continuing interest payments, the government is required to pay post-seizure interest until the principal is paid. 715 F.Supp. at 1326. However, the court concluded that attorney's fees were not part and parcel of the lienholder's interest in the property but rather were expenses required to protect that interest. *Id.* In other words, this case rejects the Bank's argument that attorney's fees should be treated identically with post-seizure interest.

The Court notes that the mortgage in question here is somewhat different than the one in *West 9th Street*, since paragraph 7 of this one provides that certain attor-

ney's fees become part of the debt and thus are in much the same category as the interest considered by the *Metmor* court. However, a closer look finds paragraph 7 inapplicable to this case.

There is no doubt that a § 881 proceeding is "a legal proceeding that may significantly affect [the Bank's] rights in the property." However, the Bank, in that situation, is authorized to "protect the *value* of the property;" this is *not* the same as saying the Bank is authorized to protect its *interest* in the property. Filing a claim in a § 881 suit is not protecting the value of the property but rather the Bank's interest in it.

Thus, in this case, the attorney's fees are not comparable to interest. The Court finds those cases denying recovery of attorney's fees to be persuasive and adopts their reasoning. This conclusion is based in part on the traditional American rule which requires each party to bear its own costs in the absence of a statutory provision to the contrary. There are no statutes relating to § 881 nor are there any regulations governing the parallel administrative proceedings which would provide for recovery of attorney's fees.

Under the relation back doctrine, the interest of the government accrues at the time at which the criminal act occurred. At that time, all title and interest in the property subject only to the interests of an innocent owner go to the government. In this case, the Bank's interest in the property did not accrue until after the criminal act occurred. The incurrence of attorney's fees after the government's interest has accrued would appear to be contrary to the relation back doctrine.

For all of these reasons, the Court holds that an innocent owner is not entitled to recover its attorney's fees in a forfeiture case under § 881. All matters having now been determined in these cases, the Clerk is directed to enter final judgment in each of these civil cases in favor of the United States.