946 F.2d 264
 UNITED STATES of America, Plaintiff-Appellee,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION; PaineWebber Mortgage
Finance, Inc., Claimants-Appellants,
and
Taos Circle, Essex, MD, with all buildings, appurtenances
and improvements thereon, Defendant.
 No. 91-7012.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 31, 1991.
Decided Sept. 26, 1991.
As Amended Oct. 25, 1991.
 
 Mark Howard Friedman, Friedman & MacFadyen, P.A., Baltimore, Md., argued for claimants-appellants.
 Richard Charles Kay, Asst. U.S. Atty., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., on brief), for plaintiff-appellee.
 Before DONALD RUSSELL, WIDENER and HALL, Circuit Judges.
 OPINION
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 Federal National Mortgage Association and PaineWebber Mortgage Finance, Inc., appeal from an order of the district court forfeiting certain real property to the United States. For the reasons stated below, we vacate the order of the district court and remand for further consideration.
 
 I.
 
 2
 Pompilio Vergara was a large-scale cocaine dealer in Baltimore, Maryland. He was arrested after making a sale of cocaine at his home to an undercover agent. The government subsequently filed a complaint for forfeiture of Vergara's residence under 21 U.S.C. § 881(a)(6) because the property was purchased with proceeds from drug sales, and under Section 881(a)(7) because it had been used to facilitate a felony drug transaction. Federal National Mortgage Association ("Fannie Mae") and PaineWebber Mortgage Finance, Inc. ("PaineWebber") (collectively "the lienholders"), the mortgagee and the servicer of the mortgage respectively, filed a claim in the forfeiture action. The government moved for summary judgment on its forfeiture claim.[1] The district court, though finding Fannie Mae and PaineWebber to be innocent lienholders, granted the government's motion. The order, in operative part, stated simply that the property was forfeited to the government. The lienholders appealed, arguing that the order did not preserve and protect their interests in the property.
 
 II.
 
 3
 In relevant part, 21 U.S.C. §§ 881(a)(6) and (a)(7) state that real property which was purchased with proceeds traceable to drug transactions, and real property which was used to facilitate a felony drug transaction, shall be forfeited to the United States. However, each subsection contains what is known as an "innocent owner exception," which states: "no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(6).[2] In a proceeding under either of these subsections the government bears the initial burden of proving that the property was purchased with drug proceeds or used in a drug transaction. United States v. Santoro, 866 F.2d 1538, 1544 (4th Cir.1989). Once that obligation has been met, the burden then shifts to the claimant to establish that it is an innocent owner. See id.
 
 
 4
 The lienholders in the present case do not contest that the government met its initial burden. Nor does the government contest the fact that the lienholders are innocent. Rather, the core issue on this appeal is whether the lienholders are "owners" for the purposes of Section 881.
 
 
 5
 This issue was resolved by our decision in In re Metmor Fin., Inc., 819 F.2d 446 (4th Cir.1987), where we stated, "[t]here is no question that Metmor [a mortgage holder of the defendant property] is an 'owner' within the scope of § 881(a)(6)." Id. at 448 n. 2. On the present appeal the government characterizes this statement as dicta, and contends that Metmor was wrongly decided, is unsupported by prior law, and stands alone for this proposition. The government concludes that "the entire [Metmor ] opinion is without foundation." These contentions are plainly inaccurate.
 
 
 6
 Among the courts of appeals, two have recently concluded that a lienholder qualifies as an owner under Section 881. In re Newport Sav. & Loan Ass'n, 928 F.2d 472, 476 (1st Cir.1991) (section 881(a)(6) "permits an innocent mortgagee to recover the value of its interest as a matter of right" (emphasis in original));[3] United States v. Six Parcels of Real Property, 920 F.2d 798, 799 (11th Cir.1991) (citing Metmor, the court affirmed the district court's finding that an innocent lienholder was entitled to recover interest and principal). As the Fifth Circuit has pointed out, such an interpretation is supported by the legislative history behind the amendment to section 881, which added the innocent owner provision. See United States v. $321,470.00 U.S. Currency, 874 F.2d 298, 303 (5th Cir.1989) (" 'owner' should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized" (emphasis added), quoting Joint Explanatory Statement of Titles II and III, Pub.L. No. 95-633, 95th Cong.2d Sess., reprinted in 1978 U.S.Code Cong. & Admin.News 9496, 9518, 9522-23). In direct contradiction to the government's argument in the present case, the Fifth Circuit stated "it is not necessary for an intervenor or claimants to show ownership of seized property." Id. at 303. Other courts have held that the language of the statute itself makes it clear that an "innocent lienholder" defense is available. United States v. One Urban Lot, 865 F.2d 427, 430 (1st Cir.1989).[4]
 
 
 7
 In light of this substantial authority we reaffirm Metmor and hold that a lienholder is an "owner" for the purposes of section 881. Because the lienholders are owners, and because the government has conceded their innocence, their interests in the subject property cannot be forfeited. To the extent the district court's order implied otherwise, it is incorrect.
 
 
 8
 The next issue is the extent of the lienholders' interests. It is clear from the case law that the lienholders are entitled to the outstanding principal as well as all unpaid pre-seizure interest. In re Metmor Fin., Inc., 819 F.2d at 448; Six Parcels of Real Property, 920 F.2d at 799. Lienholders are also entitled to post-seizure interest. In re Metmor Fin., Inc., 819 F.2d at 451; Six Parcels of Real Property, 920 F.2d at 799. Thus, the district court's order should reflect that the forfeiture to the government is subject to the lienholders' claims for principal, and pre- and post-seizure interest.
 
 
 9
 The remaining issue concerns the lienholders' right to recover their attorney's fees and costs incurred in obtaining their interests. In Metmor, this Court stated that costs and attorney's fees would be available to an innocent lienholder if provided for in the mortgage documents, In re Metmor Fin., Inc., 819 F.2d at 448 n. 3, and we so hold today. See Six Parcels of Real Property, 920 F.2d at 799. However, we found that under the terms of the contract in Metmor such fees were not recoverable. It is not clear from the present record whether the lienholders in this case are entitled, under the terms of their contracts, to the recovery of fees and costs. Consequently, we remand this action to the district court so that it may determine in the first instance whether the lienholders are entitled to fees and costs, and if so, in what amount.
 
 
 10
 The lienholders have moved in this court to strike the government's brief and for an award of attorney's fees under Rule 38, Fed.R.App.P. Though we find meritless the government's argument that the lienholders are not owners, we nonetheless deny the motion for sanctions.
 
 III.
 
 11
 In conclusion, we hold that lienholders are owners for the purposes of 21 U.S.C. § 881, and that they are entitled to recover outstanding principal, pre- and post-seizure interest, as well as attorney's fees and costs if provided for by contract. We vacate the district court's order of forfeiture and remand for a determination of the availability and amount of attorney's fees and costs, and entry of an order setting forth the extent of the interests of the lienholders which the forfeiture is subject to.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 [1]
 Vergara consented to the forfeiture of the property
 
 
 [2]
 The only distinction between the two statutory sections is that Section (a)(6) refers to "the interest of an owner," whereas Section (a)(7) refers to "an interest of an owner."
 
 
 [3]
 In an earlier case the First Circuit specifically relied on Metmor in holding that a lienholder is an owner for the purposes of section 881(a)(6). United States v. One Urban Lot Located at 1 Street A-1, 865 F.2d 427, 430 (1st Cir.1989)
 
 
 [4]
 In addition, numerous federal districts have concluded that a lienholder is an owner for the purposes of section 881. See United States v. One Parcel of Property Located at Rt. 1, Box 137, Randolph, Chilton County, Alabama, 743 F.Supp. 802, 807-08 (M.D.Ala.1990); United States v. One 1989 Harley Davidson Motorcycle, 743 F.Supp. 589, 591 (C.D.Ill.1990); United States v. One Single Family Residence Located at 6960 Miraflores Ave., 731 F.Supp. 1563 (S.D.Fla.1990); United States v. Parcel of Real Property Known As 708-710 W. 9th St., Erie, Pa., 715 F.Supp. 1323, 1326 (W.D.Pa.1989); United States v. Real Property Constituting Approximately Fifty (50) Acres, 703 F.Supp. 1306, 1312 (E.D.Tenn.1988); United States v. Real Property Titled in Name of Shashin, Ltd., 680 F.Supp. 332, 334 (D. Hawaii 1987); United States v. Fee Simple Parcel of Real Property, 650 F.Supp. 1534, 1541 (E.D.La.1987); United States v. All That Tract and Parcel of Land: 2306 North Eiffel Court, 602 F.Supp. 307, 312 (N.D.Ga.1985); United States v. One Piece of Real Estate, 571 F.Supp. 723, 725 (W.D.Tex.1983)