**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**REAL PROPERTY LOCATED AT 41741
NATIONAL TRAILS WAY, DAGGETT,
CALIFORNIA, Defendant,**

**and**

**Citicorp Mortgage, Inc., Claimant–
Appellant.**

**No. 91–56117.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1993.

Decided March 29, 1993.

Thomas J. Holthus and Ruth A. Weiss, Shapiro & Miles, Santa Ana, CA, for claimant-appellant.

Leon W. Weidman and Carolyn M. Reynolds, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.

SKOPIL, Circuit Judge:

Citicorp Mortgage, Inc. ("Citicorp") appeals the denial of its request for attorney's fees and costs expended in protecting its lien in a forfeiture action brought by the United States pursuant to 21 U.S.C. § 881(a)(7) (1988). In its lienholder claim, Citicorp requested interest, attorney's fees and costs incurred in defending the forfeiture. The government offered to pay principal and interest to the date of sale but refused to pay attorney's fees and costs. The district court granted the government's motion for judgment on the pleadings, holding that Citicorp was not entitled to recover attorney's fees. We conclude that an innocent lienholder has a right to recover attorney's fees and costs provided that its right to recover is secured by the mortgage or deed of trust. We vacate and remand for further proceedings.

## DISCUSSION

Section 881(a)(7) provides that real property used to facilitate a felony drug transaction shall be forfeited to the United States. The statute contains an innocent owner exception, which provides that "no property shall be forfeited under this paragraph, *to the extent of an interest of an owner*, by reason of any act or omission established by that owner to have been committed or omitted without the knowl-

edge or consent of that owner." 21 U.S.C. § 881(a)(7) (emphasis added).

The statute does not define "the extent of an interest of an owner." Citicorp argues that its "interest" should be defined by the terms in the note and deed of trust and that it is entitled to recover attorney's fees because its deed of trust predated the illegal activity and the deed provides for recovery of attorney's fees and costs.[1]

The government does not dispute that Citicorp is an innocent lienholder and as such, is an "owner" under section 881. It also does not dispute that Citicorp is entitled to post-seizure interest. Rather, the government contends that Citicorp is not entitled to attorney's fees and costs because they were not incurred until after the government seized the property. The government reasons that because title vests in the government at the time of the illegal act, a lienholder cannot "acquire a previously non-existent interest, such as attorney's fees, *after* the illegal act."

The timing of an expenditure of attorney's fees does not preclude those fees from constituting an interest in the property under section 881(a) when the right to recover those fees is secured by the property. *United States v. 2471 Venus Drive*, 949 F.2d 374, 376–77 (10th Cir.1991). The Tenth Circuit rejected a similar argument by the government, holding that the lienholder's right to reimbursement is created when the deed of trust is formed. *Id.* All other circuit courts to have considered this argument have also rejected the government's position.[2] *See United States v. Federal Nat'l Mortgage Ass'n*, 946 F.2d 264, 267 (4th Cir.1991), and *United States*

*v. Six Parcels of Real Property*, 920 F.2d 798, 799 (11th Cir.1991); *see also General Elec. Credit Corp. v. The Oil Screw Triton, VI*, 712 F.2d 991, 994 (5th Cir.1983) (allowing attorney's fees and costs as part of ship mortgage debt when authorized in agreement).

We also disagree with the government's characterization of Citicorp's right to attorney's fees as a "previously non-existent interest." The government's concession that Citicorp is an innocent lienholder means that it agrees that Citicorp obtained an interest in the property before the property became implicated in any illegal activity. The government's focus on the vesting of the government's title misses the mark.

In *United States v. Stowell*, 133 U.S. 1, 16–17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890), the Supreme Court concluded that when property is subject to forfeiture, the government's title vests in the government at the time the illegal act is committed. The Court noted, however, that the government's title is not perfected until judicial condemnation. *Id.* at 17, 10 S.Ct. at 247. The common law relation back doctrine discussed in *Stowell* is codified in 21 U.S.C. § 881(h) (1988), which provides that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." The Supreme Court has recently interpreted that statute to mean that the government is not an owner of property before forfeiture has been decreed. *United States v. 92 Buena Vista Ave.*, —— U.S. ——, ——, 113 S.Ct. 1126,

1. Paragraph 11 of Citicorp's deed of trust grants it the right to "appear in and defend any action or proceeding purporting to affect the security" and to receive payment of "all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum." Paragraph 16 provides that if the property or any part is taken, Citicorp is entitled to receive "all compensation, awards, and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name, any action or proceedings ... in connection with such taking or damage. All such ... proceeds ... are hereby assigned to Beneficiary, who may after deducting therefrom all its ex-

penses, including reasonable attorney's fees, apply any moneys so received by it ... to the reduction of the indebtedness."

2. The government's reliance on *In re Newport Sav. and Loan Ass'n*, 928 F.2d 472 (1st Cir.1991), is misplaced. The issue in that case was whether an innocent lienholder had a right to foreclose upon and sell property before the government's forfeiture proceedings had been concluded. There was no issue in that case regarding the recovery of attorney's fees under either subsection 881(a)(6) or (a)(7).

1134, 122 L.Ed.2d 469 (1993) (plurality). The Court concluded:

> The Government cannot profit from the common-law doctrine of relation back until it has obtained a judgment of forfeiture. And it cannot profit from the statutory version of that doctrine in § 881(h) until respondent has had the chance to invoke and offer evidence to support the innocent owner defense under § 881(a)(6).

*Id.* at ——, 113 S.Ct. at 1137.

■ Accordingly, we reject the government's argument that the vesting of title in the government at the time of the illegal activity precludes Citicorp from recovering attorney's fees. We hold that if the right to recover attorney's fees and costs is secured by the property, the innocent lienholder's right to recover such fees and costs is created when the deed of trust is formed and constitutes an "interest" in property under subsection 881(a)(7). *See 2471 Venus Drive,* 949 F.2d at 376–77; *Federal Nat'l Mortgage Ass'n,* 946 F.2d at 267; *Six Parcels,* 920 F.2d at 799.

The government also raises several other arguments, none of which is persuasive. The government first contends that the "interest" of an innocent lienholder under subsection 881(a)(7) is the amount allowed by the government under its administrative practices for remissions. *See United States v. Gulfstream West,* 710 F.Supp. 792, 796 (S.D.Fla.1989). The current regulation allows recovery of post-seizure interest, but does not allow recovery of attorney's fees or other similar charges. 28 C.F.R. § 9.2(h) (1991). We reject the government's contention. *Gulfstream West* was disapproved by the Eleventh Circuit in *Six Parcels,* 920 F.2d at 799. Moreover, we agree with the Fourth Circuit's analysis in rejecting a similar argument with reference to subsection 881(a)(6). *In re Metmor Financial, Inc.,* 819 F.2d 446, 449 n. 6 (4th

Cir.1987). There, the court reasoned that there was no indication Congress was aware of the administrative practices for remissions. Even assuming that Congress was aware of those practices, we agree with the Fourth Circuit that Congressional approval cannot be inferred when the legislative history makes it clear that the 1978 amendment to subsection 881(a)(6) was intended to *expand* the rights of innocent parties.[3] *Id.; see* 124 Cong.Rec. 36,948 (1978); 124 Cong.Rec. 36,946 (1978); 124 Cong.Rec. 34,672 (1978); 124 Cong.Rec. 23,056–057 (1978).

The government next argues that attorney's fees are merely expenses required to protect an interest and do not constitute an interest in the property. *See United States v. One 1989 Harley Davidson Motorcycle,* 743 F.Supp. 589, 591–92 (C.D.Ill. 1990); *United States v. 708–710 West 9th Street,* 715 F.Supp. 1323, 1326 (W.D.Pa. 1989). That argument might be persuasive when the right to recover attorney's fees is not secured by the property. *See One 1989 Harley Davidson,* 743 F.Supp. at 591–92. We do not reach that issue because Citicorp's entitlement to recover attorney's fees under its deed of trust has not yet been litigated in district court. *See Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985). We note, however, that the court in *One 1989 Harley Davidson,* 743 F.Supp. at 592, based its decision in part on the American rule that requires each party to bear its own costs in the absence of a statutory provision to the contrary. That rationale overlooks the fact that the American rule also permits an award of attorney's fees based on the parties' contract. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir.1992).

■ The government also argues that attorney's fees should be denied because section 881 preempts state law rights and remedies. It relies on *United States v.*

**3.** Although *Metmor* discussed the legislative history of subsection 881(a)(6), Congress intended that the "innocent owner" exception in (a)(7) be "like that now included in those provisions permitting civil forfeiture of certain vehicles and moneys or securities." S.Rep. No. 98–225, 98th Cong., 2d Sess. 215 (1984), *reprinted in* 1984

U.S.C.C.A.N. 3182, 3398. The "innocent owner" exception in subsections 881(a)(6) and (a)(7) is the same except that (a)(6) refers to "the interest of an owner" rather than "an interest of an owner." Subsection 881(a)(6) was added in 1978 and (a)(7) was added in 1984.

*9930 Stevens Road,* No. 88–1206–GT(IEG) (S.D.Cal. November 9, 1989), where the lienholder argued that California property law allows the recovery of attorney's fees if provided for in the deed of trust. The court denied recovery of fees, holding that section 881 preempts "conflicting" state law rights. We respectfully disagree with that conclusion. Preemption may occur when Congress has expressly precluded state legislation, an expression of such intent can be inferred from the structure and purpose of the federal statute, or when state law conflicts with federal law or stands as an obstacle to achieving federal objectives. *Chemical Specialties Mfrs. Ass'n, Inc. v. Allenby,* 958 F.2d 941, 943 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 80, 121 L.Ed.2d 44 (1992). Here, Congress did not define an "interest" to include or exclude attorney's fees. Thus, section 881 does not expressly conflict with state law and no such intent can be inferred from the structure of the federal forfeiture statute. Allowing an award of attorney's fees to an innocent lienholder does not stand as an obstacle to federal objectives.

Finally, the government raises issues of sovereign immunity and statutory bars to the recovery of attorney's fees. These issues were not raised in the district court, and we decline to address them for the first time on appeal. *See Bolker,* 760 F.2d at 1042.

## CONCLUSION

The district court erred in holding that subsection 881(a)(7) does not allow an innocent lienholder to recover attorney's fees. Therefore, we reverse and remand to allow the district court to determine whether Citicorp's right to recover attorney's fees and costs is secured by the deed of trust, and if so, to determine a reasonable award of fees and costs.

**REVERSED** and **REMANDED.**