37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 4274 ALTA VISTA, RIVERSIDE,
CALIFORNIA, Defendant,
Harry W. KELLEY; Marguerite L. Sanford, Claimants-Appellants.
 No. 94-55037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry W. Kelley and Marguerite L. Sanford ("claimants") appeal pro se the district court's summary judgment in a forfeiture action entered against real property located at 4274 Alta Vista Drive, Riverside, California. Claimants, as lienholders on the defendant property, argue that forfeiture of the property is inappropriate because they are innocent owners and, alternatively, that the district court abused its discretion by denying their request for an extension of time to file their opposition to the summary judgment motion. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 "Within the Ninth Circuit a federal trial court cannot grant summary judgment under the Federal Rules unless the moving party bears its burden of showing its entitlement to judgment." Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir.1994). The appropriateness of summary judgment for the government in this case must be considered in light of the statutory law and procedural requirements governing forfeitures. United States v. $5,544,540.00 in U.S. Currency, 799 F.2d 1357, 1361 (9th Cir.1986).
 
 
 4
 Under 21 U.S.C. Sec. 881, the government may seize and condemn for public use any property used in, or obtained from the proceeds of, criminal acts. Id. at 1362. An innocent owner or innocent lienholder in the property may claim an exception to the rule that property used to facilitate a felony drug transaction will be forfeited to the federal government. See 18 U.S.C. Sec. 981(a)(2) ("[N]o property shall be forfeited ... to the extent of the interest of ... [a] lienholder by reason of any act ... established by that ... lienholder to have been committed without the [lienholder's] knowledge."); see also 21 U.S.C. Sec. 881(a)(6) (same with respect to an innocent owner); United States v. Real Property Located at 41741 Nat'l Trails Way, Daggett, Cal., 989 F.2d 1089, 1090-91 (9th Cir.1993) (noting that "innocent lienholder" and "innocent owner" are synonymous for purposes of section 881). In a forfeiture proceeding, an innocent lienholder may be entitled to recover the full amount of his interest in the property, plus the costs, fees, and/or interest he accrued in protecting his lien during the period it took the government to complete its prosecution of the forfeiture. See id. at 1093.
 
 
 5
 Congress established the procedures for forfeiture actions in 19 U.S.C. Sec. 1615.[1] This statute provides that the claimant shall bear the burden of proof in all forfeiture actions, "[P]rovided, that probable cause shall first be shown for the institution of such suit or action...." Id. Probable cause exists when the circumstances provide "reasonable grounds to believe that the property was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion." United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490-91 (9th Cir.1990) (quotation omitted). We have recently held that section 1915 requires the government to have probable cause at the time it institutes forfeiture proceedings, and that the district court may not examine later acquired evidence in determining probable cause for forfeiture. United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1066-67 (9th Cir.1994); see also United States v. One 1978 Piper Cherokee Aircraft, Tail No. N 5538V, No. 92-15350, slip op. 11849, 11857 n. 7 (9th Cir. Sept. 30, 1994).
 
 
 6
 Here, the district court determined that claimants own a lienhold interest in the property, which had been claimants' family home before they sold it to claimant Harry Kelley's son, Patrick. The government's complaint for forfeiture was filed on April 16, 1990, shortly after Patrick Kelley first was arrested by state authorities on a drug charge. For the next three years, the United States Marshal allowed Patrick Kelley to retain possession of the house, and this action did not proceed to trial.
 
 
 7
 Patrick Kelley again was arrested by state authorities on September 8, 1993. The government then sought summary judgment in this action, based on the further arrest. Claimants did not file a timely written response to the government's motion, but proceeded to court for the hearing set by the government's notice. No hearing was held, and claimants belatedly filed a motion for extension of time to reply to the motion for summary judgment. On November 4, 1993, the district court both denied the claimants' motion for extension of time and granted the government's motion for summary judgment. The district court held that the government had established probable cause for the forfeiture, and adopted the government's reasoning that by failing to oppose the summary judgment motion, claimants had failed to meet the burden of proving an innocent owner defense.
 
 
 8
 We conclude the district court erred in its probable cause determination by considering the government's evidence of searches and arrests on the property which occurred after this complaint was filed. See $191,910.00 in U.S. Currency, 16 F.3d at 1066. Therefore, we reverse the district court's summary judgment for the government. See Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir.1981) (even where no opposition to the motion is filed, summary judgment is inappropriate if there is insufficient evidence to support the motion). On remand, the district court should consider claimants' testimony regarding their innocent lienholder defense and make its probable cause determination solely in light of the facts and circumstances that existed when this action was instituted on April 16, 1990. See One 1978 Piper Cherokee Aircraft, slip op. at 11857 n. 7.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1615 applies in this action pursuant to 21 U.S.C. Sec. 881(d)