89 F.3d 848
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Allen WEAVER, Defendant,
Alyce Weaver, Claimant-Appellant.
 No. 95-30333.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alyce F. Weaver appeals pro se the district court order dismissing her 21 U.S.C. § 853(n) action in which she claimed a third-party interest in her husband's real property that was forfeited to the United States after his drug conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This court reviews de novo the district court's interpretation of federal forfeiture law. United States v. 1980 Lear Jet, Model 35A, Serial No. 277, 38 F.3d 398, 400 (9th Cir.1994). This court also reviews de novo the disposition of a motion to dismiss for failure to state a claim upon which relief can be granted. Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir.1995).
 
 
 4
 In reviewing a dismissal for failure to state a cause of action, the court views all allegations of material fact in a complaint as true and construes the facts in the light most favorable to the non-moving party. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.), cert. denied, 506 U.S. 1020 (1992).
 
 
 5
 Any person, other than defendant, who asserts an interest in property forfeited to the government may petition the court for a hearing to adjudicate the validity of the petitioner's alleged interest in the property. 21 U.S.C. § 853(n)(2). The petition must set forth the relief sought, the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and any additional facts supporting the petitioner's claim. 21 U.S.C. § 853(n)(3). The court may dismiss the petition on the pleadings without a hearing where the claimant fails to establish a prima facie case under 21 U.S.C. § 853(n). United States v. Mageean, 649 F.Supp. 820, 825 (D.Nev.1986) aff'd, 822 F.2d 62 (9th Cir.1987).
 
 
 6
 In drug forfeiture actions, ownership of property is determined by state law. United States v. Ranch Located in Young, Arizona, 50 F.3d 630, 632 (9th Cir.1995). In Oregon, an individual may establish an interest in real property subject to criminal forfeiture by showing that he acquired ownership by: (1) a conveyance or other interest in writing; or (2) "operation of law." Or.Rev.Stat. § 93.020.
 
 
 7
 Under Oregon law, spouses are entitled to hold property individually and for their own personal gain and uses, and such property is not subject to debts or obligations incurred by the non-owning spouse. Or.Rev.Stat. §§ 108.020, 108.060; Kowalski v. Kowalski, 361 P.2d 64, 70 (Or.1961). In the event of a dissolution or annulment proceedings, property acquired during marriage, but held separately by spouses becomes subject to "a species of co-ownership." Or.Rev.Stat. § 107.105(f).
 
 
 8
 Appellant's claim that she is entitled to one-half interest in the forfeited property lacks merit. First, appellant cannot assert an interest in the property by a conveyance or other interest in writing because she admits that her husband is the only person on the deed, and that he never conveyed an interest to her through a written instrument. See Or.Rev.Stat. § 93.020. Second, appellant cannot assert an interest in the property by virtue of her marriage because Oregon will only recognize the co-ownership of property held separately in the event of a dissolution or annulment proceeding. See Or.Rev.Stat. § 107.105(f), 108.020, 108.060; Kowalski, 361 P.2d at 70. Thus, appellant cannot show that she acquired ownership of the property by operation of law. See Or.Rev.Stat. § 93.020. Therefore, there are no set of facts that could support appellant's claim for relief. See 21 U.S.C. § 853(n)(3); Mageean, 649 F.Supp. at 825.
 
 
 9
 Accordingly, the district court did not err when it dismissed appellant's § 853(n) petition without a hearing. See Jacobson, 50 F.3d at 1496; 1980 Lear Jet, 38 F.3d at 400.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3