**Darryl LITTLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Crim. 91–80179.**
**No. Civ. 98–74748.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 26, 2001.

Darryl Little, In Pro Per, Milan, Michigan, for plaintiff.

AUSA Noceeba S. Gordon, U.S. Attorney's Office, Detroit, Michigan, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

### I.

In May 1992, Plaintiff was convicted on drug and firearm charges and of leadership of a conspiracy to distribute cocaine and cocaine base. On April 1, 1996, Plaintiff filed a Motion for the Return of Property. The property Plaintiff sought to have returned included several pieces of personal property, $15,555 in currency, and two automobiles. The two automobiles include a 1983 Monte Carlo SS and a 1991 Ford Explorer. The property had been seized by Detroit police officers in February of 1991, pursuant to a valid search warrant. The automobiles were in the custody of the Drug Enforcement Administration ("DEA").

Plaintiff's motion was construed as a motion subject to Federal Rule of Criminal Procedure 41(e) and was denied by this Court on September 17, 1996. On November 4, 1996, Plaintiff filed a Motion to Vacate the Judgment under Rule 60(b) arguing that the federal government had control over his automobiles and that his Rule 41(e) motion should have been construed as a civil complaint. The motion was denied by this Court on November 19, 1996 and Plaintiff filed an appeal with the Sixth Circuit on December 23, 1996.

The Sixth Circuit affirmed this Court's order in part and vacated in part. The court held that the portion of this Court's order of September 17, 1996, denying Plaintiff's motion for return of property in state custody was final, as Plaintiff failed to timely contest this Court's ruling that it lacked jurisdiction over property seized by the State. However, the Sixth Circuit held that the Court relied on a mistake of law cognizable under Federal Rule of Civil Procedure 60(b) to the extent it held that Plaintiff's motion for return of property was barred because it was not brought prior to trial pursuant to Federal Rule of Criminal Procedure 12(f). Therefore, because two automobiles had in fact been placed under the control of federal agents following Plaintiff's 1991 arrest, the Sixth Circuit remanded Plaintiff's motion for return of property back to this Court so that it could resolve the issue of whether the

doctrine of laches barred Plaintiff's claim for return of those two automobiles.

On February 4, 1999 this Court entered an Order denying Plaintiff's Motion for Return of Property stating that it was barred by the doctrine of laches. Plaintiff appealed. On June 28, 2000, the Sixth Circuit vacated this Court's judgment barring Plaintiff's action based on laches and remanded for further proceedings. Plaintiff now seeks to have his two vehicles returned to him or to receive the fair value of the property. For the reasons set forth below, Plaintiff's Motion for Return of Property or in the alternative, monetary relief must be DENIED.

## II.

The Code of Federal Regulations 21, subpart E, section 1316.73 states that:

An officer seizing property under the Act shall store the property in a location designated by the custodian, generally in the judicial district of seizure. The Special Agents–in–Charge are designated as custodians to receive and maintain in storage all property seized pursuant to the Act, *are authorized to dispose of any property pursuant to the Act and any other applicable statutes or regulations relative to the disposal, and to perform such other duties regarding such seized property as are appropriate, **including the impound release of property pursuant to 28 CFR 0.101(c).***

21 C.F.R. § 1316.73 (1999). (Emphasis added).

28 C.F.R. § 0.101(c) indicates that the administrator of the DEA shall be responsible for the release of property seized pursuant to 21 U.S.C. § 881 "to any *innocent party* having an immediate right to possession of the property, when the administrator, in his discretion, determines it is not in the interests of justice to initiate forfeiture proceedings against the property." *See* 28 C.F.R. § 0.101(c) (1999).

Additionally, 28 C.F.R. § 8.6 governs the quick release authority prior to administrative forfeiture. The Code of Federal Regulations 28, section 8.6 states that:

Where the forfeiture proceedings are administrative, the Special Agent in Charge, ***prior to the forfeiture,*** is authorized to release property seized for forfeiture. The property can be ***quick released*** when the Special Agent in Charge deems that there is an ***innocent owner having an immediate right to possession of the property*** or when the release would be in the best interest of justice and the Government.

28 C.F.R. § 8.6 (1999). (Emphasis added).

Plaintiff contends that he is the only innocent owner of the 1983 Monte Carlo SS and the 1991 Ford Explorer as he was not convicted until May 14, 1992 and the vehicles were quick-released to the lienholders on March 8 and 11, 1991. Accordingly, Plaintiff asserts that the vehicles should not have been released to the lienholders. Plaintiff's argument is flawed for several reasons.

First, Plaintiff was not an "innocent owner". An innocent owner is an owner who can establish that the illegal activity connected to the property occurred without his knowledge or consent. *United States v. One Parcel of Property, Located at 255 Vance Ave., Shelby County, Memphis, Tenn.,* 173 F.3d 430, 1999 WL 149663 (6th Cir.(Tenn.)). Here, although only under indictment at the time of release, Plaintiff was ultimately convicted of various drug and firearm charges and as the leader of a conspiracy to distribute cocaine and cocaine base. Therefore, Plaintiff's own actions were directly connected to seizure of his vehicles as the time of his arrest. Plaintiff, consequently, cannot argue lack of knowledge or consent. Had it not been for Plaintiff's own actions, the vehicles would not have been seized. Ac-

cordingly, because of his direct connection to the seizure of the vehicles he cannot claim to be an innocent owner.

■ The Government asserts that the Plaintiff's vehicles were quick-released to the "innocent owner lienholders" and were never forfeited to the United States. Again, Plaintiff contends that there is no such statutory entity as an "innocent owner lienholder" and that he was the only innocent owner. Again, Plaintiff's argument is flawed. Although the statute does not specifically characterize the innocent owner as an "innocent owner lienholder", the lienholder may be considered to be the innocent owner and as such, the seized property may be quick-released to this person in accordance with 28 C.F.R. § 8.6.

■ Under 21 U.S.C. § 881, the government may seize and condemn for public use any property used in, or obtained from the proceeds of, criminal acts. An innocent owner or innocent lienholder in the property may claim an exception to the rule that property used to facilitate a felony drug transaction may be forfeited to the federal government. *United States v. Real Property Located at 4274 Alta Vista, Riverside, Cal.,* 37 F.3d 1507, 1994 WL 551484 (9th Cir.(Cal.)). *See* 18 U.S.C. § 981(a)(2) ("[N]o property shall be forfeited ... to the extent of the interest of ... [a] lienholder by reason of any act ... established by that ... lienholder to have been committed without the lienholders knowledge."); *See also* 21 U.S.C. § 881(a)(6) (same with respect to an innocent owner); *United States v. Real Property Located at 41741 National Trails Way, Daggett, Cal.,* 989 F.2d 1089, 1090–91 (9th Cir.1993) (noting that "innocent lienholder" and "innocent owner" are synonymous for purposes of 21 U.S.C. § 881).

In the instant case, the DEA's Detroit Field Office quick released the vehicles to the lienholders. At the time of the seizure, the 1983 Monte Carlo SS had a rec-ognizable lien on the vehicle held by General Motors Acceptance Corporation and the 1991 Ford Explorer had a recognizable lien by Ford Motor Credit Corporation. As the lienholders were deemed to be innocent owners, the vehicles were quick released to them on March 8 and 11, 1991, pursuant to the authority prescribed in the federal regulations, particularly 28 C.F.R. § 8.6. (See declaration of Forfeiture Counsel, Drug Enforcement Administration, John Hieronymous dated September 28, 2000).

Plaintiff also asserts that the Declaration of DEA Forfeiture Counsel, John Hieronymous is at odds with the government's position. Quite the contrary is true. Mr. Hieronymous is the forfeiture counsel of the DEA and supervises forfeiture activities. According to his sworn and signed affidavit, he testifies that the DEA database, Computerized Assets Program System ("CAPS"), which keeps official records of all DEA seizures, showed that forfeiture reports were prepared and submitted to the DEA Forfeiture Section in Washington, D.C. on both the 1983 Monte Carlo SS and the 1991 Ford Explorer. *See* declaration ¶ 5(a) and 6(a). Once the reports were submitted they were reviewed to determine whether adequate information had been provided to support administrative forfeiture proceedings against the vehicles. Once it had been determined that probable cause existed to seize the vehicles, a decision was made to accept the case for administrative forfeiture. *See* declaration ¶ 5(a) and 6(a). However, forfeiture proceedings were never instituted. Instead, after discovering that there was an innocent owner/lienholder, the vehicles were returned to General Motors Acceptance Corporation and Ford Motor Credit Corporation on March 8 and 11, 1991 respectively. See declaration ¶ 5(b) and 6(b).

Pursuant to Federal Regulations, the DEA, acting under its authority, quick released the 1983 Monte Carlo SS and the 1991 Ford Explorer to the lienholders in March of 1991. The lienholders are deemed to be innocent owners for purposes of 21 U.S.C. § 881 which allows the seizure and condemnation of property for public use any property used in, or obtained from criminal acts. Here, the cars seized were characterized as such. Plaintiff was not entitled to the return of the property as the innocent owner nor is he entitled to monetary relief equivalent to the value of the vehicles. The DEA was acting within the purview of the statutes and did not exceed their scope of authority. Additionally, because the vehicles were quick released to the innocent owners/lienholders, there was no forfeiture by the United States. Therefore, the formalities required by an administrative forfeiture were not required in the instant case. Accordingly, there was no forfeiture by the United States and Plaintiff's Motion for Return of Property must be DENIED as moot.

For the foregoing reasons,

IT IS ORDERED that Plaintiff's motion for return of property is DENIED as moot as there was no forfeiture by the United States and the vehicles were quick released to the innocent owners/lienholders.

IT IS SO ORDERED.