**Darryl LITTLE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–1392.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.*

*ORDER*

Darryl Little was convicted of several drug and firearm offenses in 1992. He now appeals pro se from the dismissal of a civil action in which he sought the return of two vehicles that were seized during his criminal investigation. Little's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, Little filed a motion under Fed. R.Crim.P. 41(e), seeking the return of the vehicles, some currency, and several other items that had been seized during his criminal case. The district court denied

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

the motion in September of 1996, and Little did not file a timely appeal.

The district court denied Little's motion for relief from judgment in November of 1996. See Fed.R.Civ.P. 60(b). That order was affirmed on appeal insofar as it involved property that was in the control of state authorities. However, this court also remanded the case for further proceedings on the federal seizure of the two vehicles. Upon remand, the district court construed Little's Rule 41(e) motion as a civil action that was barred by the doctrine of laches. However, our court subsequently held that laches did not apply, and remanded the case again.

The district court considered the parties' memoranda upon remand, and dismissed the case as moot on February 27, 2001. Little v. United States, 134 F.Supp.2d 855, 859 (E.D.Mich.2001). In so ruling, the court relied on the government's undisputed declaration which showed that there had been no forfeiture by the United States and that the vehicles had been quick-released to innocent lienholders under the applicable regulations. It is from this judgment that Little now appeals.

As the district court considered evidence beyond the pleadings, we construe the dismissal of this case as an award of summary judgment. See Fed.R.Civ.P. 12(b). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995). The movant meets its initial burden by pointing to an absence of evidence on an essential element of the case. Id. at 478–79. The burden then shifts to the non-movant to bring forth significant probative evidence which shows that there is a genuine issue for trial. Id. at 479. A de novo review of the record shows that Little has not met that burden here.

As indicated above, the government argued that dismissal was proper because the disputed vehicles had been quick-released to innocent lienholders under 21 C.F.R. § 1316.73 and 28 C.F.R. § 0.101(c). Section 0.101(c) authorizes the development and implementation of a procedure to release seized property "to any innocent party having an immediate right to possession of the property, when ... it is not in the interests of justice to initiate forfeiture proceedings." Thus, seized property may be quick-released when the agent in charge "deems that there is an innocent owner having an immediate right to possession of the property or when the release would be in the best interest of justice and the Government." 28 C.F.R. § 8.6.

The government supported its dismissal motion with a declaration indicating that the vehicles had not been forfeited. Instead, a review of the pertinent records showed that they had been quick-released to the Ford Motor Credit Corporation and the General Motors Acceptance Corporation. Little did not tender significant probative evidence to contradict the government's declaration. Thus, the district court properly accepted the facts that had been averred by the government regarding the disposition of the two vehicles. See Fed.R.Civ.P. 56(e).

Little now argues that the government's declaration did not provide sufficient details regarding the quick-release. This argument is unpersuasive in light of the supplementary evidence that the government submitted under Fed. R.App. P. 10(e). He also argues that the cited regulations only apply to innocent owners. However, there is no significant difference between an innocent owner and an innocent lienholder under the federal drug seizure statutes. See United States v. Real Property Locat-

*ed at 41741 Nat'l Trails Way, Daggett, Cal.,* 989 F.2d 1089, 1090–91 (9th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.