122 F.3d 1263
 97 Cal. Daily Op. Serv. 6900, 97 Daily Journal
D.A.R. 11,142
 UNITED STATES of America, Plaintiff-Appellee,
v.
CHECK NO. 25128 IN THE AMOUNT OF $ 58,654.11 (Fifty Eight
Thousand Six Hundred Fifty Four Dollars and Eleven
Cents), in rem, Defendant,
and
Perry D. Johnson, Claimant-Appellant.
 
 No. 96-35793.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 15, 1997.
Decided Aug. 27, 1997.
 Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, AK, for claimant-appellant Johnson.
 Robert Charles Bundy and Elizabeth S. O'Leary, Assistant United States Attorneys, Fairbanks, AK; Richard A. Friedman, United States Department of Justice, Washington, DC, for plaintiff-appellee United States.
 Appeal from United States District Court for the District of Alaska; James K. Singleton, District Judge, Presiding. D.C. No. CV-93-00353-JKS.
 Before: WALLACE, JOHN T. NOONAN and THOMPSON, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 Perry D. Johnson appeals the district court's grant of summary judgment to the United States in this action brought by the United States under 21 U.S.C. § 881 for the forfeiture of the proceeds of drug trafficking. Intrigued by the intricate turns taken by the tracking of cash in the case, we hold that Johnson raised no genuine issue of material fact and that only the government showed an incontestable right to the check it had seized. Therefore, we affirm the judgment of the district court.
 
 FACTS AND PROCEEDINGS
 
 2
 Many of the facts have already been stated in Perry D. Johnson v. Don P. Johnson, 849 P.2d 1361 (Alaska 1993), and in our unpublished memorandum disposition in a previous appeal in this case, United States v. Check No. 25128, No. 94-35581 (9th Cir. Nov. 2, 1995). We draw on these sources in what follows.
 
 
 3
 On February 1, 1990, Fairbanks police, responding to a complaint of domestic violence, went to Johnson's trailer home and, while looking for victims, saw in a bedroom a quantity of marijuana, a glass tube, plastic bags, a large triple-beam scale with white residue on top, a mirror coated with white residue, and a nearby safe. The police then obtained a search warrant. Pursuant to that search warrant, they examined the safe and found $44,850 in cash in addition to drugs, drug paraphernalia, and stolen firearms. In state court Johnson was indicted for misconduct involving a controlled substance.
 
 
 4
 The Fairbanks police seized and turned over to the Drug Enforcement Administration (the DEA) the $44,850. The DEA began forfeiture proceedings. Johnson did not contest the forfeiture, which was administratively completed on May 17, 1990. Pursuant to 21 U.S.C. § 881(e)(1)(A), the DEA paid $17,940 of the forfeited cash to the City of Fairbanks (the City).
 
 
 5
 Meanwhile, Johnson had moved in state court to suppress the evidence seized under the warrant. On May 7, 1990, his motion was granted. Thereafter, the state dismissed the criminal charges against him. Johnson moved for a return of the cash seized and when the City refused on the ground that it previously had transferred the cash to the DEA, Johnson sued the City for conversion. The Alaska Supreme Court ruled that the City lawfully could have transferred the cash to the DEA only by complying with the state forfeiture proceedings set out in Alaska Stat. §§ 17.30.100-.130; the City's failure to do so constituted a conversion. Johnson, 849 P.2d at 1365.
 
 
 6
 In response to the judgment entered in Johnson's favor, the City issued a cashier's check to him in the amount of $58,654.11, equalling the original amount seized plus interest. The United States seized this check and began this forfeiture process. In our unpublished disposition of 1995, we held that the search of Johnson's trailer did not violate the Fourth Amendment and remanded to the district court. The United States then successfully moved for summary judgment. Johnson appeals.
 
 ANALYSIS
 
 7
 Johnson's principal point on appeal is that the cashier's check seized by the government does not represent the proceeds of a drug transaction but constitutes the proceeds of his suit against the City for conversion. He also argues that probable cause for the seizure of the check and forfeiture was lacking. We review de novo both the question of statutory interpretation, see United States v.1980 Lear Jet, Model 35A, Serial No. 277, 38 F.3d 398, 400 (9th Cir.1994), and the district court's finding of probable cause, United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1041 (9th Cir.1994).
 
 
 8
 The fact is that the check is both the proceeds of the suit and the proceeds of drug transactions. Johnson would like us to stop at the suit. Unfortunately for him the statute tells us that we should go on to what is "traceable" to drug transactions, 21 U.S.C. § 881(a)(6). The tracing is easy. What Johnson got in his civil suit was an amount representing the recovery of the cash hoard from his drug deals. Tracing of money does not require that the identical money be traced. Just as a credit in a bank account may be found to represent the cash proceeds from a sale of drugs, United States v. Banco Cafetero Panama, 797 F.2d 1154, 1158 (2nd Cir.1986), so the civil judgment here is the traceable form that Johnson's drug cash took. We find probable cause to believe both that the cash was connected to illegal drug activity, see United States v. $29,959.00 U.S. Currency, 931 F.2d 549, 553 (9th Cir.1991); United States v. $93,685.61 in U.S. Currency, 730 F.2d 571, 572 (9th Cir. 1984), and that the check was proceeds of that illegal activity.
 
 
 9
 Johnson comments caustically on the government's ability to multiply, magically as it were, the proceeds of the drug transactions--first the government gets the $44,850, then it gets the $58,654.11, all representing "the proceeds" of a single cash hoard of $44,850. The magic is in the multiple remedies provided by law against traffic in human weakness by selling drugs or laundering the profits. See United States v. $4,255,000, 762 F.2d 895, 905 (11th Cir.1985). The aim of the law is to make sure that no proceeds from the sale of a controlled substance are safe from seizure. The law's aim is realized in the government's action here.
 
 
 10
 Johnson attempts to make something of the City having a claim to the check or of the City avoiding a judgment against it by the DEA returning to it part of the check. Neither argument is persuasive. Johnson cannot raise the City's claims nor can Johnson object if the federal government successfully obtains forfeiture of the check and then pays a bonus to the City.
 
 
 11
 Johnson tries to make the same claim he made in state court, that the state has turned over property to the federal government without complying with state forfeiture law. See United States v. One 1987 Mercedes Benz Roadster 560, 2 F.3d 241, 243 (7th Cir.1993); Scarabin v. Drug Enforcement Admin., 966 F.2d 989, 993-94 (5th Cir.1992) (per curiam); United States v. One 1979 Chevrolet C-20 Van, 924 F.2d 120, 122-23 (7th Cir.1991). The argument is not available. The state turned over nothing to the DEA. The DEA seized the check by its own authority under a federal warrant issued pursuant to 21 U.S.C. § 881.
 
 
 12
 Johnson's final argument is that the conditions of summary judgment were not met. He relies on his affidavit which he says put the source of the cash in doubt. To the interrogatory question, "Describe in full and complete detail the source or sources from which you or any other person or organization obtained the defendant property," Johnson replied under oath:
 
 
 13
 I obtained the defendant funds from various persons over a number of years for work performed for them. I worked on vehicles and repaired and sold vehicles for a profit. I do not have the names, addresses and telephone numbers of these persons.
 
 
 14
 When asked to list all employment, including self-employment, for the last ten years, Johnson, again under oath, failed to disclose any auto repair business.
 
 
 15
 Johnson asks the court to believe that he had accumulated from unnamed persons at unnamed times and in undescribed transactions the $44,850 found together with marijuana, a scale usable for weighing drugs, and plastic bags appropriate for bagging them. His story is on its face unworthy of belief. An inherently untrustworthy account does not create a triable issue of fact. United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 492 n. 3 (9th Cir.1990); United States v. Various Slot Machines on Guam, 658 F.2d 697, 699 (9th Cir.1981).
 
 
 16
 AFFIRMED.