**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Luis REYES–MONTOYA, Claimant–Appellant.**

No. 98–56736.
D.C. No. CV–96–00743–RAP.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2001.*

Decided June 8, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

Jose Luis Reyes–Montoya (Montoya) appeals the summary judgment in favor of the United States in the government's civil forfeiture action against $141,060 in United States currency and a cellular phone as well as the district court's refusal to award a $4,965 substitute res to him for assorted items of jewelry and a Rolex wristwatch that he claimed to own. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

■ Montoya, who appeared pro se in the district court, contends that the summary judgment must be reversed because he was not given a Klingele[1] notice. However, it is clear the error was harmless. Rand v. Rowland, 154 F.3d 952, 961 (9th Cir.1998) (en banc) (harmless error where record discloses knowledge of Rule 56 requirements gained from some other source). Montoya's own moving papers for summary judgment on the issue of probable cause show that he knew Rule 56's requirements, for they correctly set out all the applicable standards, including the relative burdens on the moving party and non-moving party and the need for the non-moving party to designate specific facts showing a genuine issue for trial. More importantly, by the time he had to respond to the government's motion for summary judgment on forfeiture (at issue on this appeal), Montoya had the benefit of the court's ruling on the prior motions for summary judgment on probable cause. That order fully complies with Rand by reciting Rule 56's requirements. Indeed,

it goes further than Rand, advising that declarations, to be admissible for purposes of summary judgment, must be based on personal knowledge, set forth facts that are admissible in evidence, and show that the declarant is competent to testify about the facts.

Montoya argues that he was nevertheless prejudiced because he did not file a Statement of Uncontroverted Facts and Conclusions of Law or Statement of Genuine Issues, as required by the Local Rules. However, this is immaterial as the court's decision was not based on the failure to follow the Local Rules.

Montoya also points out that the court sustained objections to hearsay in his declaration, yet he did not know to object to hearsay in Burns's declaration. He does not suggest how a Klingele notice would have made any difference; it gives no advice on this subject. Beyond this, the court's February 17, 1998 order plainly put Montoya on notice that facts must be admissible in evidence to be admissible on summary judgment. Evidently Montoya understood this, as he did in fact object on hearsay grounds to sixteen paragraphs of the Burns declaration.

Nor, finally, would a Klingele notice have avoided the deficiency upon which the district court's decision actually turned—the inherent incredibility of Montoya's story given his prior admission that he had no corroborating witnesses, the lack of any substantial details about his purported gambling in Mexico, and the fact that his income tax returns provide no evidence of a successful gambling career.

II

■ On the merits, Montoya contends that his declarations raise triable issues as

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988) (as amended).

to whether the currency and cell phone were related to an illegal drug transaction. He faults the district court for discounting his own declarations because he would be competent to testify as to his gambling activities and purchase of the phone and jewelry from the proceeds, and for improperly determining credibility. We disagree. While Montoya's declarations do state that he was a professional gambler, who was referred by the bartender at Toñas on the Carretera in Rosarito, Mexico, to gaming establishments at various homes in Tijuana and Baja where he won money, and that Alejandro Montoya–Camacho, though unavailable, could corroborate his activities, Montoya gave no details that would substantiate when, where or how this gambling took place. His tax returns reveal no income consistent with being a professional gambler. The district court could well conclude that an inherently untrustworthy account does not create a triable issue of fact. *See United States v. Check No. 25128 in the Amount of $58,654.11,* 122 F.3d 1263, 1265 (9th Cir.1997). *United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres,* 904 F.2d 487, 492 (9th Cir.1990), does not compel a different result because the affidavit produced by the claimant in that case was quite specific.

Montoya suggests that he should have been given a chance to present witnesses and documents at trial, but he admitted in response to discovery that he had none to offer.

### III

Montoya maintains that the district court held that he was not the rightful owner of the Rolex watch or jewelry based on unsupported assumptions that his assets were owned by Avendano–Uriarte and

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Cervantes. However, this is not what the court did. It concluded that Montoya's account of how he came to own the Rolex watch and jewelry was inherently unbelievable for the same reason his claim to ownership of the currency and cellular phone was inherently unbelievable. That conclusion was buttressed by the fact that the wristwatch is a ladies' watch and one of the bracelets found in the same place was inscribed with the name of Avendano–Uriarte's domestic partner, Miriam.

AFFIRMED.