### UNITED STATES of America, Plaintiff—Appellee,

### Alexandra Sandoval; Ramon Rios Milanez, Claimants— Appellants,

v.

### $80,180.00 IN U.S. CURRENCY; $10,836.00 in U.S. Currency; VIN# 2C3ED46F8RH Chrysler 1994 New Yorker, VIN# 2C3ED46F8RH161870, Ca. Lic. No. 4CQR665, its tools and appurtenances; 250 100 Mexican Peso Bills Totaling $2,316.52 in U.S. Currency, Defendants.

---

No. 01–55466.

D.C. No. CV–99–02402–MLH(CGA).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided Sept. 19, 2002.

Before PREGERSON, FISHER and
TALLMAN, Circuit Judges.

MEMORANDUM *

The district court granted summary judgment to the government in its 21 U.S.C. § 881(a)(6) civil forfeiture action concerning currency seized from the residence of claimants-appellants Sandoval and Rios Milanez. On appeal, appellants raise three issues: (1) whether the district court erred in finding probable cause for the forfeiture; (2) whether appellant Sandoval has created a triable issue that all or a portion of the currency is not subject to forfeiture; and (3) whether the district court abused its discretion in striking appellant Rios' claim because he failed to respond to the government's discovery requests. We affirm in part, reverse in part and remand. In a separately filed published opinion, we have held that the heightened burden of proof established by the Civil Asset Forfeiture Reform Act does not apply to this action.

**1. Probable Cause**

 Appellants contend that the government failed to demonstrate at the institution of the forfeiture proceeding that there was probable cause to believe that the targeted property had a substantial connection to narcotics activity. *See United States v. $405,089.23 U.S. Currency,* 122 F.3d 1285, 1289 (9th Cir.1997). Relying on *$405,089.23 U.S. Currency,* they contend that the government failed to establish a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

specific connection between the cash and drug activity. We review de novo the district court's conclusion that probable cause existed to support the forfeiture action. *Id.*

Although this is a close case, we agree with the district court that the government established probable cause. The government demonstrated that the Sandoval–Rios residence, where the large sums of cash were discovered, was connected to illegal drug activity. In this context, a reasonable person could believe that the money and the drug activity were connected. *Compare $405,089.23 U.S. Currency,* 122 F.3d at 1290–91 (probable cause lacking where there was no connection between money in bank account and drug activity), *with United States v. Check No. 25128,* 122 F.3d 1263, 1264–65 (9th Cir. 1997) (holding that probable cause existed where the government found $44,850 together with marijuana, a scale usable for weighing drugs and plastic bags appropriate for bagging them). Accordingly, we affirm.[1]

## 2. Summary Judgment Against Sandoval

■ Once the government establishes probable cause, the claimant can avoid forfeiture only by coming forward with affirmative evidence and proving, by a preponderance of the evidence, that the property was not used for the illegal purpose as alleged. *United States v. 22249 Dolorosa Street,* 167 F.3d 509, 512 (9th Cir.1999). Sandoval contends that she met this burden and, therefore, that summary judgment was improperly granted. We review this question de novo.

We agree that Sandoval has raised a genuine issue of fact that a portion of the

currency was not subject to forfeiture. Sandoval's sworn declaration contains specific facts that, if believed by the trier of fact, could establish that Rios obtained some of the cash from the purchase and sale of automobiles. Sandoval's statement that Rios made at least $100,000 from the sales of cars is a conclusory allegation unsupported by factual data and does not create a triable issue of fact. *United States v. Lot 4, Block 5 of Eaton Acres,* 904 F.2d 487, 492 & n. 3 (9th Cir.1990). However, Sandoval stated that she personally observed her husband make three car sales between 1998 and 1999 that, viewing the facts in the light most favorable to her, made a profit of $5,000 to $10,000 each. Thus, Sandoval has stated sufficient facts to show that approximately $15,000 to $30,000 of the cash at the residence was traceable to Rios' car sales and, therefore, not subject to forfeiture. *See United States v. Two Tracts of Land,* 5 F.3d 1360, 1362 (9th Cir.1993) (claimant created triable issue that portion of home was paid for with money from innocent source). Under *Eaton Acres,* 904 F.2d at 491–92, Sandoval is entitled to an opportunity to present to a trier of fact her version of what happened. Accordingly, we vacate the summary judgment on Sandoval's claim and remand for further proceedings.

## 3. Dismissal of Rios' Claim

Finally, Rios contends that the district court erred when it struck his claim and granted default judgment. We review for an abuse of discretion the district court's decision under Rule 37, and we will overturn a dismissal sanction only with a definite conviction that it was clearly outside the acceptable range of sanctions. *Rio*

---

**1.** Following the lead of the district court, we have assumed without deciding that Rios' and Sandoval's statements would be suppressed. The government cannot rely on suppressed evidence to establish probable cause. *United States v. 22249 Dolorosa Street,* 167 F.3d 509, 513–14 (9th Cir.1999).

*Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir.2002); *see Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986) (discussing five relevant factors).

In this case, we need not decide whether the district court's sanction exceeded the bounds of discretion because summary judgment is proper against Rios. The government established probable cause and Rios failed to come forward with any affirmative evidence creating a triable issue as to whether the property was not used for the illegal purpose as alleged.

We affirm the district court's ruling on probable cause and its order granting summary judgment on Rios' claim. We reverse summary judgment with respect to Sandoval's claim. Sandoval has created a triable issue that a portion of the currency is not subject to forfeiture.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.