**UNITED STATES of America, Plaintiff—Appellee,**

of this circuit except as provided by Ninth Circuit Rule 36–3.

Daniel Segun Oyeniran, Claimant—
Appellant,

v.

**$65,251.99 IN BANK ACCOUNT
FUNDS; et al., Defendants.**

No. 03–55190.

D.C. No. CV–01–05673–CAS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 23, 2003.

Janet C. Hudson, USLA–Office of the U.S. Attorney, Ann Luotto Wolf, Office of the United States Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Daniel Segun Oyeniran, pro se, Norco, CA, for Claimant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

California state prisoner Daniel Segun Oyeniran appeals pro se the district court's summary judgment in a civil forfeiture action the United States filed pursuant to 18 U.S.C. § 981 against $65,252 in bank account funds, $2,892 in U.S. currency, and other personal property (collectively, the "Property"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of a motion to suppress, *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1058 n. 14 (9th Cir.1994), and its grant of summary judgment, *United States v. 3814 NW Thurman St.*, 164 F.3d 1191, 1195 (9th Cir.1999). We affirm.

The district court properly denied Oyeniran's motion to suppress the evidence seized under three state court search warrants because probable cause may be supported by hearsay and circumstantial evidence. *See United States v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Real Property Located at 22 Santa Barbara Dr.,* 264 F.3d 860, 872 (9th Cir.2001); *see also United States v. Ocampo,* 937 F.2d 485, 490 (9th Cir.1991) (holding judicial officer issuing the warrant may rely on the conclusions of experienced law enforcement officers).

■ The district court properly granted summary judgment because Oyeniran's conclusory and inherently untrustworthy account of how he acquired the Property did not create a triable issue of fact. *See United States v. Check No. 25128 in Amount of $58,654.11,* 122 F.3d 1263, 1265 (9th Cir.1997).

We deny Oyeniran's motion captioned "claimant's statement of genuine issues necessary to be litigated." A motion concerning a bond for costs incurred in the district court is properly brought in the first instance in the trial court.

Oyeniran's remaining contentions lack merit.

**AFFIRMED.**