In the Matter of a SEIZURE WARRANT FOR $374,100 IN UNITED STATES CURRENCY IN the CUSTODY OF the KANSAS CITY POLICE DEPARTMENT.

Case Nos. 11–MM–0042–SWH, 11–SW–57–SWH.

United States District Court, W.D. Missouri, Western Division.

Oct. 19, 2011.

James C. Bohling, Asst. U.S. Atty., Kansas City, MO, for United States of America.

Russell S. Jones, Jr., Polsinelli Shughart PC, Kansas City, MO, for Kansas City, Missouri Police Department.

*ORDER*

SARAH W. HAYS, United States
Magistrate Judge.

On April 27, 2011, the Court signed a Warrant to Seize Personal Property Subject to Civil Forfeiture in the Matter of the Seizure of $374,100.00 in United States Currency Seized From Rachel Benveniste, Currently in the Custody of the Kansas City, Missouri Police Department.

On June 7, 2011, the government provided the Court with the United States' Motion for the Issuance of an Order to Show Cause for Failure to Comply With a Seizure Warrant. Attached to the motion was a letter dated May 4, 2011, from Russell S. Jones, Jr., writing on behalf of the Kansas City, Missouri Police Department ("KCPD"), in which the KCPD declined to honor the seizure warrant. On June 10, 2011, the Court directed the KCPD to show cause why it should not be ordered to comply with the seizure warrant. The KCPD provided a timely response to the order to show cause.

■ The KCPD contends that "Missouri state law may prevent it from complying with the warrant or, at the least, exposes KCPD to the very real possibility of state-law liability if it complies." (Kansas City Police Department's Response to Order to Show Cause at 1) The KCPD argues that the following language prohibits the transfer of the seized money to a federal agency for forfeiture:

1. No state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency, regardless of the identity of the seizing agency. The prosecuting attorney and the circuit judge shall not approve any transfer unless it reasonably appears the activity giving rise to the investigation or seizure involves more than one state or unless it is reasonably likely to result in federal criminal charges being filed, based upon a written statement of intent to prosecute from the United States attorney with jurisdiction. No transfer shall be made to a federal agency unless the violation would be a felony under Missouri law or federal law.

R.S.Mo. § 513.647.1. The KCPD argues that it cannot transfer the money to a federal agency because the prosecuting attorney and the circuit judge have not approved the transfer.

The KCPD argues that *Karpierz v. Easley,* 31 S.W.3d 505 (Mo.Ct.App.2000), prevents it from complying with the warrant because in *Karpierz,* the court found that section 513.647 must be strictly followed. However, what the *Karpierz* court actually said was that section 513.647.1 "does not allow a unilateral transfer by a Missouri police department to a federal agency once the police have seized the property." *Id.* at 510. The situation before this Court does not reflect a unilateral transfer. The KCPD has not of its own accord turned over the currency to the DEA as it did in *Karpierz.* Rather, the DEA has come to the federal court and the undersigned has determined based upon an affidavit from DEA Special Agent Robert Taylor that probable cause exists to seize the property and has issued a federal seizure warrant requiring the KCPD to turn over the currency to the DEA.

The Court finds that R.S.Mo. § 513.647 has no application to this matter as no state or local law enforcement agency will be transferring any seized property to a federal agency. Rather, the DEA is seizing the currency by its own authority un-

der a federal warrant issued pursuant to 21 U.S.C. § 881. *See United States v. Check No. 25128 in Amount of $58.654.11,* 122 F.3d 1263, 1265 (9th Cir.1997) (argument that state turned over property to federal government without complying with state forfeiture law not available because state turned over nothing to DEA; rather, DEA seized check by its own authority under federal warrant issued pursuant to 21 U.S.C. § 881).

■ However, even if the DEA's seizure of the currency pursuant to the federal warrant is characterized as a transfer from the KCPD to the DEA, and even if the KCPD lacks authority to transfer the currency under Missouri law, the federal seizure is still valid under *Madewell v. Downs,* 68 F.3d 1030 (8th Cir.1995). In *Ivester v. Lee,* 991 F.Supp. 1113, 1119 (E.D.Mo.1998), *aff'd,* 168 F.3d 493 (8th Cir. 1999), the plaintiff alleged that the defendant DEA improperly received and forfeited seized currency in that "the DEA ... did not comply with a Missouri statute which requires state law enforcement agencies to obtain the approval of a state court prior to transferring seized property to a federal agency." The *Ivester* court, citing *Madewell,* found:

> Section 881(a) of Title 21 of the United States Code "provides for the civil forfeiture of property that has been used either to facilitate illegal drug transactions or to acquire the proceeds of such criminal activity." *Madewell v. Downs,* 68 F.3d 1030, 1037 (8th Cir.1995).

\* \* \*

"A federal agency may adopt the seizure of property seized by another agency as related to illegal drug use or trafficking." *Madewell,* 68 F.3d at 1037....

The Eighth Circuit has ... held that any constitutional infirmity in the transfer of seized property, or lack of authority to transfer the property, does not taint the adoption of the seizure by a federal agency. *Madewell,* 68 F.3d at 1038....

991 F.Supp. at 1119. The court granted the DEA summary judgment against the plaintiff. *Id.* at 1121.

■ Finally, the KCPD is concerned that it will be exposed to the possibility of liability in state court if it complies with the federal warrant. However, no forfeiture action over the currency was ever initiated in state court.[1] *See Madewell v. Downs,* 68 F.3d 1030, 1042 (8th Cir. 1995)("only a state *forfeiture* action or comparable *in rem* proceeding for disposition of the property will preclude federal forfeiture jurisdiction"). The DEA is seizing the currency pursuant to a federal seizure warrant. Under federal law, federal courts have exclusive original jurisdiction over federal seizures. *See* 28 U.S.C. §§ 1355 and 1356. The seizure of the currency by the DEA pursuant to a federal warrant deprives the state courts of Missouri of jurisdiction.

Based on the foregoing, it is

ORDERED that the Kansas City, Missouri Police Department shall comply with the Warrant to Seize Personal Property

---

1. The United States has advised in its reply brief that "the Missouri state officers, acting in compliance with the CAFA [Criminal Activity Forfeiture Act, R.S.Mo. § 513.600, *et seq.*] transfer order provisions, presented the $374,100.00 seizure to the Jackson County Prosecutor's Office, and that Office declined to initiate a CAFA action in Missouri state court because the predicate for doing so, the existence of a parallel state or federal criminal prosecution, was not present." (United States' Suggestions in Opposition to the Kansas City Police Department's Response to the Show Cause Order at 2–3)

Subject to Civil Forfeiture which was issued by this Court on April 27, 2011.